ROBERT ED DOUGLASS and WADDELL JOHNSON

*v.*

STATE OF TENNESSEE.

(*Jackson,* April Term, 1959.)

Opinion filed September 30, 1959.

Dissenting Opinion October 2, 1959.

J. CARL REDDITT and HENRY M. CRYMES, Memphis, for petitioners.

JAMES M. GLASGOW, Assistant Attorney General, for respondent State.

Mr. Chief Justice Neil delivered the opinion of the Court.

These plaintiffs in error were convicted of petit larceny in the Circuit Court of Fayette County. The jury fixed their punishment at not less than one nor more than five years in the State penitentiary.

An appeal was prayed and granted to this Court. The bill of exceptions was not filed within the time allowed by the trial court with the result that the judgment of the court below was affirmed on July 27, 1959.

On August 3, 1959, separate petitions were filed in this Court, styled "Motion of Defendant for Credit for Time Spent in Jail". Attached to each motion is a certificate by the Clerk of the Circuit Court of Fayette County reciting that "the defendant Waddell Johnson stayed in the County jail for a period of 185 days while waiting for trial." In Robert Ed Douglass' case the certificate recited that "he stayed in the County jail for a period of 51 days while waiting for trial."

The prayer of the respective petitions is, as follows:

"Wherefore, Defendant prays that the Court allow him credit, in its sentence fixing his term of imprison-

ment, of such time he has already been confined in connection with this cause.''

The petitions were seasonably filed in this Court and comply with the rules of the Court.

The Assistant Attorney General says in response to the foregoing petitions: ''As to the time spent in jail pending arraignment and trial, this Court appears to be without jurisdiction to modify the original sentence and allow credit for that time.''

The petitioners apparently rely upon Chapter 13 of the Public Acts of 1959, which amends 40-3102, T.C.A., and reads as follows:

''The trial court shall have authority at the time the sentence is imposed and the defendant committed to the state penitentiary for imprisonment to render the judgment of the court so as to allow the defendant credit on his sentence for any period of time for which he was committed and held in the county jail or workhouse pending his arraignment and trial.

''In the event the person sentenced appeals his cause to the Supreme Court as is required to spend time in jail pending the appeal, the Supreme Court may modify the original sentence allowing a reduction for the time spent in jail pending an appeal upon a petition being filed in the defendant's behalf setting out the time spent in jail within five (5) days after the announcement of the Supreme Court decision provided the facts alleged in the petition are verified by the clerk of the court where the sentence was imposed. The provisions of this Act shall apply in both felony and misdemeanor cases.''

The sole question at issue on this appeal is: What authority has this Court to revise a judgment or decree of the trial court? It is argued by the Assistant Attorney General that Chapter 13 of the Public Acts of 1959, quoted above, determines the matter of jurisdiction, the insistence being that the trial judge *alone is authorized* to allow credit for time spent in jail pending arraignment and trial.

It is true the foregoing statute authorizes the trial judge to allow credit for this time. Bnt it does not impair the revisory jurisdiction of the Supreme Court in this regard. In other words the statute does not purport to *exclude or prohibit* this Court from correcting, or revising, lower courts' orders and decrees in case of mistakes, or possibly an inadvertence in pronouncing judgment on the verdict of the jury. Nor is it a restraint upon the Court from rendering such judgment on the record as the law demands as required by the statute.

The jurisdiction of the Supreme Court is fixed by the Constitution of this State as appellate only. "The legislature may restrict and regulate this appellate jurisdiction in any manner deemed wise and proper, so that it does not alter, impair, or destroy the constitutional status and integrity of the Supreme Court, * * * and does not unreasonably interfere with its ultimate revisory power." See Note 2 under Article 6, Section 2, Vol. 1, T.C.A. and authorities cited therein.

The broad supervisory authority of the Supreme Court over judgments and decrees of trial courts is well stated in *Hundhausen v. United States Marine Fire Ins. Co.*, 52 Tenn. 702. The Court was there dealing with the matter of the Court's jurisdiction under Article 6, Section 2, of

the Constitution, and specifically its jurisdiction to revise the action of the Chancery Court in cases of contempt. It was said:

"We think the fair and legitimate meaning of these last provisions is, that this Court is the supreme tribunal of the State, and other Courts inferior in the sense of being subject in their action to the jurisdictional control of this Court, as the appellate tribunal, *over all such judgments and decrees as they may render affecting the life, liberty, property, or rights of the citizens of the State.*" (Emphasis ours.)

In *Dodds v. Duncan*, 80 Tenn. 731, it is said:

"From an early day in this State the Supreme Court was authorized by statute, in the exercise of its appellate jurisdiction, to give such judgment and make such decree as should have been rendered in the inferior court: Code, sec. 3167 (27-326, T.C.A.). Its judgment is therefore the judgment of the lower court, and may in many cases be remanded to that court for execution, or for further proceedings."

Again in *Hopper v. Fisher*, 39 Tenn. 253, it is held: "The rule for jurisdiction is, that nothing shall be intended to be *out of the jurisdiction of a Superior Court but that which specially appears to be so;* and, on the contrary, nothing shall be intended to be within the jurisdiction of an Inferior Court but that which is so expressly alleged." (Emphasis ours.)

The question of the authority of this Court to revise judgments of convictions in criminal cases was expressly decided in *Corlew v. State*, 181 Tenn. 220, 180 S.W.2d 900, 904, wherein Mr. Justice Chambliss, speaking for the

majority of the Court (there was a dissenting opinion) said: "* * * and the power of the apellate courts to modify and reduce imprisonment in criminal cases, and 'render such judgment on the record as the law demands,' Code, Sec. 11810 (40-3409, T.C.A.) is quite generally recognized and exercised", citing authorities. To the same effect is *Forsha v. State,* 183 Tenn. 604, 194 S.W.2d 463.

The petitions are sustained, and an order will be entered in this Court granting credit for time spent in jail pending arraignment and trial in the Circuit Court. The warden of the State penitentiary will be accordingly advised.

PREWITT, BURNETT and SWEPSTON, JUSTICES, concur.

TOMLINSON, JUSTICE (dissenting).

The time spent in jail pending arraignment and trial by these defendants was not in execution of the judgment, but to assure their presence at the trial since they seemed to have been unable to make an appearance bond. Nevertheless, their incarceration during this period is appealing to our sympathies as individuals. However, I am firmly convinced that we are entirely without authority to credit the sentence imposed with the time that was thus spent in jail.

In this connection, based on my experience in trials of this nature, I venture to say that if, in the presentation of this case to the jury, the lawyers representing the defendants did not ask the jury, in fixing the punishment, to consider the time spent in jail awaiting trial, then, such failure was an exception to the general practice, in so far as I have experienced and observed it.

No doubt, it is for situations like the present case that Legislatures enact statutes vesting in the Trial Judge, who knows all that occurred during the trial, discretion as to whether credit on the sentence for time spent in jail shall be given. To me, it is inconceivable that this Court would be permitted to disturb the Trial Court's exercise of that discretion in the absence of its having been exercised arbitrarily.

In so far as it applies to the present case, this Court is entirely without information upon which to base a conclusion that these defendants are entitled to credit for the time thus spent in jail. There was no bill of exceptions to which the Court could look. Thus, I do not see how its action could be defined otherwise than as purely arbitrary, and contrary to the spirit at least of that which our Legislature has said by statute as to allowing credit for time so spent in jail.

At the time of the trial and conviction of these defendants in the Trial Court, the statute applicable was Chapter 303 of the Public Acts of 1955. That Act is carried in the Code Supplement as the second paragraph of Section 40-3102, T.C.A. Supplement. It reads as follows:

"The trial court shall have authority within six (6) months after imposition of sentence and commitment to the state penitentiary for imprisonment to amend the judgment of the court so as to allow the defendant credit on his said sentence for any period of time for which he was committed and held in the county jail or workhouse pending his arraignment, trial and subsequent conviction of the offense" * * etc.

Neither of these defendants made any request of the Trial Judge for such credit.

At the time the conviction of these defendants was affirmed by this Court on July 27, 1959 the 1955 Act had been amended by omitting the six (6) months period for such action by the Trial Court, and providing instead that the Trial Judge shall have authority "at the time the sentence is imposed and the defendant committed" to allow credit for time spent in jail pending arraignment and trial; further, that the Supreme Court, in case of appeal, may in its discretion allow "a reduction for the time spent in jail pending an appeal" provided petition asking for such credit be presented "within five (5) days after the announcement of the Supreme Court decision". I refer to Chapter 13 of the Public Acts of 1959, approved on February 11, 1959 by the Governor. The petition in the instant case was not presented within the required five (5) days.

In the unreported case of *Jack Westfall and William Westfall v. State,* Madison Criminal, decision announced on June 5, 1959, it was held by this Court, every member agreeing, that it was without authority to apply the statutory allowance for time spent in jail pending appeal since the petition so requesting it had not been filed within the time provided by the statute. It must be kept in mind that a statute of this character is a benefit conferred by the State through its Legislature for humanitarian reasons. The acquiring of such benefit is entirely dependent upon the statute conferring it. Hence, the requirements of the statute must be strictly met. Read 41 American Jurisprudence, page 914, Section 41. An apt illustration is in our statutes authorizing suspension

of sentence and the release of defendants upon probation. With reference to such statutes, this Court held in *Howe v. State ex rel. Pyne,* 170 Tenn. 571, 574, 98 S.W.2d 93, 94, this:

"When the power to suspend sentence is exercised in conformity with statute, it is generally held that the requirements of the statutes are to be strictly observed."

The majority opinion in the instant case holds, however, that this

"statute does not purport to *exclude or prohibit* this Court from correcting, or revising, lower courts' orders and decrees in case of mistakes, or possibly an inadvertence in pronouncing judgment on the verdict of the jury. Nor is it a restraint upon the Court from rendering such judgment on the record as the law demands as required by the statute."

That is, the Court concedes that the 1955 and 1959 Acts cannot be applied. As I see it, there are two fatal objections to this holding which, in this connection, it does announce.

First, a statute which in one paragraph provides that the Trial Judge shall, in his discretion, credit the time fixed by the jury with the time spent in jail pending arraignment and trial in the Trial Court, and which statute in its very next paragraph provides that the Supreme Court shall have authority to credit such sentence upon affirmance for time spent in jail pending appeal is a statute which, upon its face by necessary and inescapable implication, withholds from the Supreme Court the authority to give credit for time spent in jail

pending arraignment and trial in the absence of abuse by the Trial Judge of the authority vested in him.

It is true that the Supreme Court has jurisdiction to review the action of the inferior Court, as stated by the majority opinion, but "the particular mode in which this jurisdiction may be exercised is a matter * * * of regulation by the legislature" within constitutional limits. *Hundhausen v. United States Marine Fire Insurance Co. & G. W. Cook,* 52 Tenn. 702, 704.

The second fatal objection to the above quoted holding of the majority, as I view it, is that in this case there is no error, mistake or inadvertence appearing in the record to have been made by the Trial Court in pronouncing judgment on the verdict of the jury. And there is nothing on the record which demands that the judgment pronounced by the Trial Court be amended by allowing the credit for time spent in jail pending arraignment and trial. In fact, there is no record, except the technical one. The majority opinion makes no effort to point out any such errors, mistakes or inadvertences.

The universal rule as to punishment is succinctly stated in 15 American Jurisprudence, page 155, 156, as follows:—"Subject only to constitutional limitations, such as those prohibiting cruel and unusual punishment—the legislature may fix the punishment for crime as it sees fit." In *Fite v. State, ex rel.,* 114 Tenn. 646, 657-658, 88 S.W. 941, 943, 1 L.R.A.,N.S., 520, it is held, "The scale of the punishment for the violation of a particular statute is fixed in the first place by the Legislature, and in the next it is administered by the court or jury". I assume there is no quarrel with this proposition of law.

In my opinion, this Court has trespassed upon this authority of the Legislature in fixing the punishment different from that provided by the Legislature, imposed by the jury and upon which sentence was pronounced by the Trial Court. I see no escape from such conclusion.

The majority opinion makes this statement:

"The sole question at issue on this appeal is: What authority has this Court to revise a judgment or decree of the trial court?"

Keeping in mind that under the statute it was the function of the jury to fix the punishment in this case and that the Jury did fix it, the foregoing question stated in the majority opinion is answered by this Court in *Thompson v. State,* 192 Tenn. 298, 302, 241 S.W.2d 404, 405, as follows:

"The jurisdiction of this Court is appellate. It possesses the power to revise the action of the trial judge in inflicting imprisonment where that power is lodged by law with the trial court, under its general supervisory powers. In the present case the trial judge did not fix the imprisonment but it was fixed by the trial jury pursuant to statute. Chapter 82, Public Acts 1947. We can find nothing in this statute that confers upon this Court jurisdiction to revise the action of the jury in assessing imprisonment."

The principle applicable here is well stated in the Alabama case of *Gilley v. State,* 22 Ala.App. 184, 113 So. 650, 651, as follows:

"Review here, in such cases, is limited to those matters upon which action or ruling at *nisi prius* was invoked and had. The prerogative here sought to be

invoked, by a remission or lessening of the punishment, is vested solely in the pardoning tribunal of the state.''

See also *Galloway v. Commonwealth,* 209 Ky. 501, 273 S.W. 63 and *State v. Johnson,* 159 S.C. 165, 156 S.E. 353, holding the length of the prison sentence is exclusively a matter for the judge and the Trial Court.

The majority opinion cites as authority for its action *Corlew v. State,* 181 Tenn. 220, 180 S.W.2d 900. In my opinion, that case is not in point. There the jury found the defendant guilty of grand larceny, and fixed punishment accordingly. This Court, upon review, found that the facts did not support a conviction of grand larceny, but did support a conviction of petit larceny, a lesser grade of larceny. So, the Court concluded that the jury had found Corlew guilty of petit larceny. The minimum punishment fixed by statute for petit larceny was then imposed because the state consented thereto, and the defendant could not object. The Corlew case only amounts to the correction of a punishment not authorized by law for the crime committed and imposed one authorized by law. Of course, that rule finds support everywhere, but that is not this case.

I respectfully dissent.