STATE OF TENNESSEE ex rel. CLIFTON E. CRIST

*v.*

LYNN BOMAR, Warden, etc.

365 S. W. 2d 295.

(*Nashville,* December Term, 1962.)

Opinion filed February 7, 1963.

CLIFTON E. CRIST, plaintiff in error, pro se.

GEORGE F. McCANLESS, Attorney General, HENRY C. FOUTCH, Assistant Attorney General, Nashville for the State.

MR. JUSTICE BURNETT, delivered the opinion of the Court.

The plaintiff in error was the petitioner in this case for what he styled a writ of mandamus. After hearing this petition the trial judge denied the petition and an ap-

peal was seasonably perfected. The trial judge appointed counsel for the petitioner in the trial court, but this counsel did not appear in this Court and the petitioner has well represented himself.

The appeal and the question involved, as set forth by the various petitions of the petitioner herein, is to the effect that the judgment of the trial court wherein he was sentenced for third degree burglary should be credited with time between the time that he was released from the Federal penitentiary and the time that he was placed in the State penitentiary. The question presented can more readily be seen by what will hereinafter be related in this opinion.

In 1958 petitioner was indicted in the Criminal Court of Knox County for the crime of burglary. On July 17, 1959, he was tried for this crime and sentenced to serve three (3) years in the State penitentiary. After this indictment had been returned in the Knox County Criminal Court he was convicted in a Federal Court and sentenced to serve a certain time in the Federal penitentiary at Leavenworth, Kansas. While he was thus serving this term the District Attorney General of Knox County in May, 1959, filed a petition for the writ of *habeas corpus ad prosequendum* against the petitioner and on the hearing of this *habeas corpus* petitioner was ordered to be sent to Knoxville, Tennessee, where he was tried for this crime. The trial there, in every particular, was regular and no question is now contended for against said judgment, as in fact it could not be because, since the court rendered this judgment and complied with all requirements on an attack against said judgment it would be a collateral attack and could not be sustained. *Bomar v.*

*State ex rel. Stewart,* 201 Tenn. 480, 300 S.W.2d 885, and others.

■ After the conviction in 1959 for this crime of burglary the petitioner was returned to Leavenworth, Kansas, to serve the rest of his term there in the Federal penitentiary. The judgment of the Criminal Court of Knox County after sentencing the petitioner to serve a three year prison sentence provided as a part thereof in this judgment the provision that the prison sentence directed by the Knox County Criminal Court should begin at the expiration of the sentence which the petitioner was serving at the time as a Federal prisoner. It is argued now that this part of the judgment demanded the three year sentence pronounced against him in the Knox County Criminal Court should commence on the day that his Federal sentence expired, to-wit, on December 12, 1960. This part of the judgment announcing that the prisoner should begin his sentence at the expiration of the Federal sentence is merely directory. The fixing of such date is ministerial and not judicial, and therefore may be treated as mere surplusage. The order of the Criminal Court of Knox County thus saying that the sentence of its court should commence upon the expiration of the Federal sentence isn't really a part of said judgment.

■ At the time petitioner was returned to the Federal penitentiary a detainer was filed by the District Attorney General of the Knox County Criminal Court with the Warden of the Federal penitentiary at Leavenworth, Kansas. About the same time the State of Pennsylvania had also filed a detainer with the Warden of the Federal penitentiary, and at the expiration of the Federal sentence this detainer of the State of Pennsylvania was honored by the Warden of the Federal institution and pe-

titioner was turned over to the authorities in Pennsylvania. Thereafter the petitioner was tried in Pennsylvania and apparently came clear in that state. On or about the 3rd of February, 1961, the Governor of Tennessee issued extradition papers for the purpose of returning the petitioner to the State of Tennessee, and a few days thereafter, to-wit, February 14, 1961, the Governor of Pennsylvania honored the request of the State of Tennessee for the return of the petitioner and issued his warrant for the delivery of the petitioner to the agent of the State of Tennessee. The petitioner resisted and challenged the action of the Governor of the State of Pennsylvania and filed a petition for a writ of *habeas corpus* in the courts of Allegheny County, Pennsylvania, contesting the right of Tennessee to have custody and return the petitioner to this State for the purpose of serving the prison sentence heretofore rendered against him in the Criminal Court of Knox County, Tennessee. The matter was finally adjudicated in the courts of the State of Pennsylvania adversely to the petitioner and the Supreme Court of Pennsylvania affirmed the right of the State of Tennessee to have the petitioner returned to this State. The technical record reveals that the petitioner remained in the Allegheny County jail at Pittsburgh from December 12, 1960, (the time that the Federal authorities released him from Fort Leavenworth) until December 11, 1961, at which time he was returned to the State of Tennessee to begin serving the time on the prison sentence heretofore rendered against him in the Criminal Court of Knox County, Tennessee. It is this time, to-wit, the time that he served in the Allegheny County jail at Pittsburgh from December 12, 1960, until December 11, 1961, that the petitioner now contends should be credited against the sentence rendered

against him by the Criminal Court of Knox County, Tennessee, in 1959.

■ Section 40-3102, T.C.A., provides when a sentence of a convicted criminal shall commence. This Section of the Code has been amended by the Acts of 1955 and 1959 and is now carried as sec. 40-3102 in the Supplement to the Code. By these amendments provision is made for an allowance on a sentence originally returned against a convicted criminal for time that he has spent in the county jail, etc., before he begins his original sentence. The trial court has certain discretion in allowing this time and then if the case is appealed from the original trial the Supreme Court may also allow time served in jail after trial and credit for such time spent in jail pending arraignment and trial. *Douglass v. State,* 205 Tenn. 646, 330 S.W.2d 8. These amendments allowing a criminal time spent in jail before he gets to the penitentiary clearly brought out the fact that the Legislature knew under various and sundry circumstances time might be legitimately spent by the convicted person while he was defending himself and thus when he was finally convicted this time should be given credit on the sentence. Inferentially, these amendments likewise point to the fact that the beginning of the time on a sentence should be when the convicted criminal finally reaches the penitentiary. Thus it is that the authorities of the penitentiary in keeping their books on a prisoner, who is thus convicted, shall have some discretion in setting the date when the time begins to run on the sentence. Apparently from the record herein the record clerks of the penitentiaries in this State date this time from the day the prisoner reaches the penitentiary. It is from this time then that "good time allowance" and other things are credited on the sentence of

the criminal in addition to any time that might be allowed by the trial court or the Supreme Court to the prisoner which he spends in jail pending his delivery to the prison authorities.

A well written case involving the question here will be found in 72 A.L.R., beginning at page 1267, styled *Volker v. McDonald, Sheriff, etc.,* 120 Neb. 508, 233 N.W. 890. This opinion cites, or quotes from various opinions from different State and Federal courts on the subject. The court reaches the conclusion under a similar situation as that herein presented by weight of authority and reason "that the judgment can be satisfied only by carrying into effect the sentence imposed by the trial court, and the term of imprisonment does not begin until the time the defendant is taken into custody on the mittimus or incarcerated under the sentence." That is our conclusion under a similar factual situation presented in the instant case. This case quotes from and relies upon a California case (*Ex parte Vance,* 90 Cal. 208, 27 P. 209, 13 L.R.A. 574), which is certainly applicable here. The quotation is:

"The essential part of a sentence of imprisonment is not the time when it should be executed, but the extent of the punishment fixed; and expiration of time, without imprisonment, is in no sense an execution of the sentence."

██ This opinion likewise points out the very salient rule that laches is not imputable to the government and that such a maxim is based upon public policy and that the State through the negligence of its public officers forbids the application of the doctrine of estoppel to the State growing out of conduct and representation of its officers. In other words, this brings us to the correct conclusion

that it is really up to the prisoner who has been convicted to bring himself within the confines of the law to get the credit for the sentence that he concedes has been rightly fixed against him, and that the prisoner cannot by his acts have this sentence to begin running before he presents himself to the officers for incarceration under the sentence. Here the petitioner by his own acts tried to prevent his return to Tennessee to begin this sentence under this judgment which is concededly valid and fought extradition to Tennessee and it was this period of time which he now claims should be credited on this sentence. Clearly petitioner's arguments and reasons are not in conformity with established jurisprudence. Thus it is for the reasons herein stated the decision of the trial court is affirmed, this court holding specifically that the prison sentence begins on December 11, 1961, the time at which the prisoner was returned to the authorities in this State for the beginning of the running of the sentence. Statutory time for "good time", etc., will be credited thereafter.