STATE OF TENNESSEE ex rel. A. R. IVEY, Plaintiff-in-Error,

*v.*

J. E. MEADOWS, Warden, Tennessee State Penitentiary, Defendant-in-Error.

393 S.W.2d 744.

(*Nashville,* December Term, 1964.)

Opinion filed September 10, 1965.

HENRY, McCORD, FORRESTER & RICHARDSON, DOYLE E. RICHARDSON, Tullahoma, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, THOMAS E. Fox, Assistant Attorney General, for defendant in error.

MR. JUSTICE CHATTIN delivered the opinion of the Court.

This is a habeas corpus proceeding. The plaintiff-in-error, A. R. Ivey, hereinafter referred to as petitioner, was tried and convicted of murder in the first degree and sentenced to confinement in the State Penitentiary for a period of ninety-nine years. Pending an appeal of the conviction, he was confined for a period of eighteen months and eighteen days in the State Penitentiary.

This Court reversed the first conviction and remanded the case for a new trial. *Ivey v. State*, 210 Tenn. 422, 360 S.W.2d 1 (1962).

In December 1962, petitioner was again tried and convicted of involuntary manslaughter and sentenced to confinement in the penitentiary for a term of not more than five years. He commenced serving that sentence on January 3, 1963.

Counsel for petitioner seasonably moved the trial judge, after the second conviction, to allow the petitioner credit on his sentence for time he was confined in jail awaiting his first trial and also the time which he spent in the State Penitentiary pending the appeal of his first conviction. The trial judge overruled this motion and ordered his sentence to commence as of January 3, 1963.

On August 26, 1964, petitioner filed this petition in the Circuit Court of Davidson County in which he set forth the foregoing facts, together with the insistence he was, as a matter of law, entitled to be released from the penitentiary.

Specifically, petitioner insisted in his petition for the writ of habeas corpus he had served nineteen months and thirteen days of his second sentence as of August 16, 1964; which, when added to the eighteen months and eighteen days he had spent in the penitentiary pending the appeal of his first conviction, totaled thirty-eight months; and that by reason of his total confinement in the penitentiary he had earned a total of twenty-two months credit for good behavior and honor time, which, when added to the thirty-eight months of confinement, would amount to five years, his maximum sentence.

It is said in support of this insistence that credit for time served in the penitentiary and good conduct and honor time earned thereby, is now and was always

mandatory; and thus petitioner has served his maximum sentence and his further restraint is unlawful.

T.C.A. Section 41-332 provides:

"Each convict who shall demean himself uprightly shall have deducted from the time for which he may have been sentenced, one (1) month for the first year, two (2) months for the second year, three (3) months for each subsequent year until the tenth year inclusive and four (4) months for each remaining year of the time of imprisonment. This shall apply to prisoners in confinement or on parole therefrom."

T.C.A. Section 41-334 provides the Commissioner of Institutions shall have the right and power to establish an honor grade in which convicts shall be placed when received at the penitentiary and so long as any prisoner who is placed on the honor grade remains in prison, he shall, in addition to good behavior time allowed him by T.C.A. Section 41-332, have deducted from the time for which he may have been sentenced two months for each year of his term of imprisonment or the fractional part thereof.

It is further said for petitioner that as a matter of law he was entitled to credit for the eighteen months and eighteen days spent in the penitentiary pending the appeal of his first conviction and also credit for good behavior and honor time earned thereby; and, thus, the judgment of the trial court in disallowing his motion for these credits on his sentence was void in that respect.

The petition for the writ of habeas corpus was heard upon a stipulation of facts, certain exhibits filed to the petition, briefs and oral arguments of Counsel for the respective parties.

The stipulation of facts contains the following paragraph:

"During both of his periods of confinement in the State Penitentiary, the petitioner was a model prisoner and, if otherwise entitled, he earned all of the good time and honor credits allowed by law, in that he was guilty of no misconduct and no infraction of the Penitentiary rules."

While it is true specific credits provided by statute for good conduct of a defendant sentenced to the penitentiary enter into the judgment, "and inheres into the punishment assessed;" *Gilliam v. State*, 174 Tenn. 388, 126 S.W.2d 305 (1939); *Fite v. State ex rel. Snider*, 114 Tenn. 646, 88 S.W. 941, 1 L.R.A.,N.S., 520 (1905); yet we think the matter of allowing credit for the time petitioner served in the penitentiary pending the appeal of his first conviction was discretionary with the trial court on his second conviction and this Court cannot review the action of the trial court in refusing petitioner credit on his second sentence, except on appeal or writ of error therefrom.

T.C.A. Section 40-3102 was amended by the Acts of 1955 and 1959, and prior to the amendment by the Act of 1963, the amendments read, as follows:

"The trial court shall have authority at the time the sentence is imposed and the defendant committed to the state penitentiary for imprisonment to render the judgment of the court so as to allow the defendant credit on his sentence for any period of time for which he was committed and held in the county jail or workhouse pending his arraignment and trial.

"In the event the person sentenced appeals his cause to the Supreme Court and is required to spend time in jail pending the appeal, the Supreme Court may modify the original sentence allowing a reduction for the time spent in jail pending an appeal upon a petition being filed in defendant's behalf setting out the time spent in jail within five (5) days after the announcement of the Supreme Court decision provided the facts alleged in the petition are verified by the clerk of the court where the sentence was imposed. The provisions of this section shall apply in both felony and misdemeanor cases."

In construing the amendments of 1955 and 1959, this Court in the case of *State ex rel. Crist v. Bomar*, 211 Tenn. 420, 365 S.W.2d 295 (1963), said:

"By these amendments provision is made for an allowance on a sentence originally returned against a convicted criminal for time that he has spent in the county jail, etc., before he begins his original sentence. The trial court has certain discretion in allowing this time and then if the case is appealed from the original trial the Supreme Court may also allow time served in jail after trial and credit for such time spent in jail pending arraignment and trial. *Douglass v. State*, 205 Tenn. 646, 330 S.W.2d 8. These amendments allowing a criminal time spent in jail before he gets to the penitentiary clearly brought out the fact that the Legislature knew under various and sundry circumstances time might be legitimately spent by the convicted person while he was defending himself and thus when he was finally convicted this time should be given credit on the sentence. Inferentially, these amendments likewise point to the fact that the beginning of the time

on a sentence should be when the convicted criminal finally reaches the penitentiary. Thus it is that the authorities of the penitentiary in keeping their books on a prisoner, who is thus convicted, shall have some discretion in setting the date when the time begins to run on the sentence. Apparently from the record herein the record clerks of the penitentiaries in this State date this time from the day the prisoner reaches the penitentiary. It is from this time then that 'good time allowance' and other things are credited on the sentence of the criminal in addition to any time that might be allowed by the trial court or the Supreme Court to the prisoner which he spends in jail pending his delivery to the prison authorities."

In the case of *Douglass v. State,* supra, it was held, on an appeal and an affirmance of a conviction, this Court could grant a petition of the defendant filed in this Court credit for time served in jail pending trial and the appeal.

■ On the other hand, this Court has held in numerous cases the writ of habeas corpus may not be employed as a substitute for an appeal or writ of error. *State ex rel. Potter v. Bomar,* 209 Tenn. 577, 354 S.W.2d 767 (1962); *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 364 S.W. 2d 887 (1963); *State ex rel. Smith v. Bomar,* 212 Tenn. 149, 368 S.W.2d 748 (1963). Thus, we are of the opinion the trial court was not in error in dismissing the petition for the writ of habeas corpus.

T.C.A. Section 40-3101 provides:

"Where the judgment of the court is that the defendant be imprisoned, the time for confinement, if the defendant is in jail, shall begin to run from the day of final judgment."

The record shows petitioner was in jail as of January 3, 1963, the date of final judgment of his second conviction.

■ As of the date of the release of this opinion, September 10, 1965, petitioner will have served a total of thirty-two months of the five year term which commenced on January 3, 1963. Although he may be eligible for parole by virtue of having earned good behavior and honor time during that confinement, he is not entitled to an outright release sought here.

■ The granting of a parole is a discretionary matter vested exclusively in the Board of Pardons and Paroles. T.C.A. Section 40-3614; *Doyle v. Hampton,* 207 Tenn. 399, 340 S.W.2d 891 (1960); *State ex rel. Greene v. Rimmer,* 131 Tenn. 316, 174 S.W. 1134 (1914); *Graham v. State,* 202 Tenn. 423, 304 S.W.2d 622 (1957).

For the foregoing reasons, the judgment of the trial court is affirmed.

BURNETT, CHIEF JUSTICE, and WHITE and DYER, JUSTICES, concur.

CRESON, JUSTICE, not participating.