**V.F.W. POST # 1970, Plaintiff-Appellant,**

**v.**

**The ALCOHOLIC BEVERAGE COMMISSION of the State of Tennessee (ABC), Defendant-Appellee.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Feb. 28, 1986.

Application for Permission to Appeal Denied by Supreme Court May 27, 1986.

Alan C. Housholder, Nashville, for plaintiff-appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, Wm. Barry Wood, Asst. Atty. Gen., Nashville, for defendant-appellee.

## OPINION

TODD, Presiding Judge, Middle Section.

The plaintiff, V.F.W. Post No. 1970, has appealed from the judgment of the Chancellor affirming the decision of the State Alcoholic Beverage Commission suspending the liquor license of plaintiff for 15 days for failure to file liquor-by-the-drink reports and pay taxes thereon for the months of April, May, June and July, 1982.

Appellant first insists that the order of the ABC is invalid because it is not based upon the recommendation of the Commissioner as mandated by statute.

TCA § 57–4–304(e)(1) provides:

When any licensee shall fail to make any return and pay the full amount of the tax required by this chapter for as many as three times during any one (1) year licensing period, the alcoholic beverage commission, *upon recommendation of the commissioner of revenue,* may revoke or suspend the license held by such licensee in the same manner and under the same conditions as provided by § 57–4–202. (Emphasis supplied).

On October 13, 1982, the Commission received the following letter from the Commissioner of Revenue:

RE: V.F.W. Post # 1970
7220 Charlotte Avenue
Nashville, Tennessee 37209
ABC License No: 10,048

Dear Mr. Davis:

The above captioned liquor-by-the-drink licensee is delinquent in filing Alcoholic Beverages for Consumption on the Premises Reports and paying the tax due thereon. This licensee has not filed liquor-by-the-drink reports or paid taxes thereon for the months of March, April, May, June, and July 1982.

Section 57–4–304, Tennessee Code Annotated, provides that when a licensee fails to make any return and pay the full amount of tax as required for as many as three times during any one-year licensing period, the Alcoholic Beverage Commission, upon recommendation of the Commissioner of Revenue, may revoke or suspend the license held by such licensee.

Under these conditions and in order to safeguard the State's revenue, it is my recommendation that the Alcoholic Beverage Commission take whatever steps deemed necessary against V.F.W. Post # 1970 to force compliance, or otherwise remedy the situation.

A consideration of the entire text of the foregoing letter produces a firm conclusion that its purpose, intent and meaning was that the Commissioner recommended that the Commission act as authorized by TCA § 57–4–304, i.e. to suspend or revoke the license of the licensee.

Appellants first insistence is found to be without merit.

■ Appellant next insists that the Commission (i.e. the State of Tennessee) is estopped from suspending the license because the form furnished by the Tennessee Department of Revenue for reporting liquor sales contains the following:

*Due Date:* This return and proper payment must be postmarked on or before 15 days after the end of the period for which the tax is due. Otherwise, penalty and interest will be assessed. A return must be filed even though no sales were made or any tax due.

4. Penalty. If filed after the due date, add 5% of line 3 for each 30 day period (or portion thereof) the tax is delinquent. Total penalty not to exceed 25% of line 3.

5. Interest at 14.5% per annum from date delinquent to date paid (Based on line 3).

This Court does not conceive that a notice by the Revenue Department that penalty and interest were due on delinquent tax payments was any form of assurance that other penalties might be imposed by the Alcoholic Beverage Commission.

■ Moreover, the doctrine of estoppel cannot be invoked against the State. *Tennessee Board of Dispensing Opticians v. Eyear Corporation, Et Al*, 218 Tenn. 60, 400 S.W.2d 734 (1966); *State ex rel Crist v. Bomar, Warden*, 211 Tenn. 420, 365 S.W.2d 295 (1962).

Appellant's second and last issue is found to be without merit.

The judgment of the Chancellor is affirmed at the cost of appellant. The cause is remanded to the Chancery Court for any further necessary proceedings.

Affirmed and remanded.

LEWIS and KOCH, JJ., concur.