Mira E. WILSON, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee, at Jackson.

Feb. 23, 1994.

No Permission to Appeal Applied for to the Supreme Court.

James D. Gass, Jackson, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Kimbra R. Spann, Asst. Atty. Gen., Nashville, James G. Woodall, Dist. Atty. Gen., and James W. Thompson, Asst. Dist. Atty. Gen., Jackson, for appellee.

## OPINION

JONES, Judge.

The appellant, Mira E. Wilson, appeals as of right from a judgment of the trial court dismissing her habeas corpus suit. The trial court found that the petition filed by the appellant failed to state a claim upon which relief could be granted because the petition did not allege that her sentence was void or that the term of her imprisonment had expired.

Several issues have been presented for review. The issues may be classified in the following categories: (a) whether the remedy of habeas corpus is applicable to the facts in this case, (b) whether the appellant's sentence has expired, and (c) whether the delay in the actual serving of the sentence is violative of the Due Process Clause contained in the Fourteenth Amendment to the United States Constitution and Article I, § 8 of the Tennessee Constitution. The remaining issues are subissues which fit into one of these three categories.

The judgment of the trial court is affirmed.

On January 9, 1989, the appellant was charged in the General Sessions Court of Madison County with driving while under the influence, second offense, driving a motor vehicle after her license had been revoked, and violating the implied consent law. The appellant entered pleas of guilty to the offenses on March 2, 1989. Pursuant to a plea bargain agreement, the court sentenced the appellant to pay a fine of $500 and serve eleven months and twenty-nine days for the offense of driving while under the influence, second offense. She was ordered to serve forty-five (45) days of the sentence.[1] The balance of the sentence was suspended, and the appellant was placed on probation. The appellant was sentenced to pay a fine of $50 and serve forty-eight (48) hours for the offense of driving on a revoked license. Her

---

1. The judgment of the General Sessions Court was made an exhibit during the evidentiary hearing. However, the judgment does not state where the sentence is to be served.

A letter written by the Madison County Sheriff's Department to the appellant indicates that the Sheriff's Department maintains a jail as well as a workhouse.

license was revoked for two (2) years for driving while under the influence, second offense; and her license was suspended for six (6) months for violating the implied consent law.

The appellant reported to the Madison County Jail shortly after being sentenced. She took her personal effects with her because she expected to begin serving her sentence. Instead, a deputy sheriff told her to go home. He further advised her that she would be contacted when the sheriff's department was ready for her. On February 24, 1993, the Madison County Sheriff's Department sent the appellant a letter directing her to report to the jail on March 3, 1993, to start serving her sentence. In other words, approximately four (4) years elapsed between the date she reported to the jail and the date she was notified to report to the jail for the purpose of serving her sentence.

On March 4, 1993, the appellant reported to the Madison County Jail to serve her sentence. Shortly thereafter she instituted this habeas corpus suit. The trial court ordered the sheriff's department to release the appellant from confinement until her suit could be resolved. The Tennessee Attorney General, as counsel for the Madison County Sheriff, moved the trial court for the entry of an order dismissing the appellant's suit on the ground that the petition "failed to state a claim upon which relief may be granted." The trial court dismissed the suit following an evidentiary hearing. The order of the trial court states:

> This Court, after considering the petitioner's request for habeas corpus relief and the respondent's motion to dismiss, finds that the petitioner's petition does not state a claim upon which relief may be granted because the petition fails to allege a viable

claim that the sentence she is serving is void and [sic] that her term of imprisonment has expired as required to state a claim under state habeas corpus law.

IT IS THEREFORE, ORDERED that the petitioner's petition for habeas corpus relief is dismissed with the costs taxed to the petitioner.

The trial court has stayed the execution of the sentence until the issue is resolved in the appellate courts.

## I.

■ The remedy of habeas corpus finds its origin in the common law.[2] In this jurisdiction, the remedy is guaranteed by the Constitution. Tenn. Const. Art. I, § 15. The object of the remedy "is to obtain immediate relief from illegal restraint or confinement."[3]

■ It is a well-established principle of law that the remedy of habeas corpus is limited in scope as well as relief.[4] In criminal cases, the remedy is limited to cases where the judgment is void or the term of imprisonment has expired.[5] In other words, "the only relief that can be given a prisoner in a state habeas corpus proceeding is release."[6]

The appellant contends that her sentence has expired. Thus, she was entitled to invoke the remedy of habeas corpus. However, before the appellant is entitled to relief, she must plead and prove that her sentence has expired.

## II.

■ The appellant contends that her sentence commenced on the day she was convicted and sentenced; and, as a result, her sentence had expired before she received the notice from the sheriff to report to the jail.

---

2. *Ussery v. Avery*, 222 Tenn. 50, 53, 432 S.W.2d 656, 657 (1968).

3. *State ex rel. Dickens v. Bomar*, 214 Tenn. 493, 499, 381 S.W.2d 287, 289 (1964).

4. *Archer v. State*, 851 S.W.2d 157, 161–162 (Tenn.1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn.1992); *State v. Warren*, 740 S.W.2d 427, 428 (Tenn.Crim.App.1986).

5. *Hall v. Heer*, 217 Tenn. 392, 393–394, 398 S.W.2d 71, 71 (1966); *State ex rel. Jordan v.*

*Bomar*, 217 Tenn. 494, 500, 398 S.W.2d 724, 726 (1965); *State ex rel. Hall v. Meadows*, 215 Tenn. 668, 675, 389 S.W.2d 256, 259 (1965); *State ex rel. Dickens v. Bomar*, 214 Tenn. at 498, 381 S.W.2d at 289; *State ex rel. Grandstaff v. Gore*, 182 Tenn. 94, 98, 184 S.W.2d 366, 367 (1945); *State ex rel. Karr v. Taxing Dist.*, 84 Tenn. 240, 249 (1886).

6. *Warren*, 740 S.W.2d at 428.

Moreover, it was the duty of the sheriff to see that the appellant served her sentence within eleven months and twenty-nine days following the date the sentence was imposed.

In this jurisdiction, a sentence commences "on the day on which the defendant legally comes into the custody of the sheriff for execution of the judgment of imprisonment."[7] Furthermore, it is the duty of the sheriff "to execute the judgment of imprisonment by committing the defendant, as soon as possible, to jail."[8]

The language of the statute is clear. Since the appellant was not taken into custody on the day she was sentenced, her sentence did not commence on the date of the submission hearing. Her sentence began to run on the date she reported to the Madison County Jail pursuant to the notice she received.

The fact that the sheriff waited four years to notify the appellant because there was no room for her cannot defeat the execution of a valid judgment.[9] First, the doctrine of laches is not imputed to a governmental agency by an office holder.[10] Second, the doctrine of estoppel cannot be invoked against a governmental agency, notwithstanding the fact that the ground is predicated upon the negligence, conduct, or representations of a public officer.[11] Third, the statute of limitations was tolled when the arrest warrants or affidavit of complaints were filed shortly after the appellant's arrest. She was convicted before the statute of limitations

would have expired. Fourth, the phrase "as soon as possible" is significant in the context of this case. The appellant, who had the burden of proof in this case, failed to establish that the sheriff had the capacity to confine her at an earlier date.[12]

## III.

The appellant also contends that the excessive delay between the date of the submission hearing and the date she was notified to report to jail violated her right to due process of law. She candidly admits that this issue was not raised in the trial court.

It is a well-established rule of law that issues cannot be raised for the first time in an appellate court.[13] Nevertheless, a due process violation would not prevent the execution of her sentence. The cases cited by the appellant are clearly distinguishable upon the facts.

The only remedy available to the appellant to redress this wrong was a civil suit for damages or injunctive relief predicated upon the federal civil rights laws. Such a suit can now be maintained in the courts of this State.

## CONCLUSION

This Court agrees with the trial court that the allegations contained in the appellant's petition for the writ of habeas corpus failed to state an actionable claim. She did not

7. Tenn.Code Ann. § 40–23–101(a). *See State v. Brady*, 671 S.W.2d 863, 864 (Tenn.Crim.App. 1984). However, this statute specifically provides it "shall not interfere with the operation of the statute requiring sheriffs in whose custody defendants come for execution of judgments of imprisonment to commit such defendants as soon as possible to jail or to the warden of the penitentiary." Tenn.Code Ann. § 40–23–101(a)(2). *See* Tenn.Code Ann. § 40–23–103.

8. Tenn.Code Ann. § 40–23–103.

9. The appellant does not contend that the judgment of the General Sessions Court is void or otherwise defective.

10. *State ex rel. Crist v. Bomar*, 211 Tenn. 420, 426, 365 S.W.2d 295, 297 (1963).

11. *State ex rel. Crist v. Bomar*, 211 Tenn. at 426, 365 S.W.2d at 297–298.

12. It is common knowledge that the prisons in this State have been and are filled to capacity. A federal court controlled the prison population for several years. This has and continues to require that county jails be used as holding facilities until there is room in a state penitentiary facility. This has resulted in some of the larger counties confining convicted felons in a local correctional facility rather than the state penitentiary. Otherwise, the county jail would not have the capacity to house defendants awaiting action by the grand jury or disposition of cases pending against them. Consequently, it is understandable why there has been a delay in requiring people convicted of misdemeanors in Madison County to report to jail.

13. *Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn.1983).

contend that the judgment of the General Sessions Court was void. Her contention that the sentence imposed by the General Session Court has expired is not supported by the facts or the law.

This Court's decision should not be construed as an approval of the delay between the entry of judgment and the date the appellant begins serving her sentence. This is not the only case where a delay has occurred.[14] Therefore, steps should be taken by the appropriate Madison County officials to make facilities available for citizens like the appellant to serve the sentence imposed by a court.

DWYER and TIPTON, JJ., concur.

---

**14.** *See State v. David Wayne Walker and Neely Lenard Love*, Madison County Nos. 02–C–01–9304–CR–00066, 02–C–01–9304–CR–00067, 1993 WL 413980 (Tenn.Crim.App., Jackson, October 20, 1993).