IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 12, 2000

## WILLIAM H. HORTON v. PAROLE ELIGIBILITY REVIEW BOARD

**Direct Appeal from the Chancery Court for Davidson County**
**No. 98-3064-III    Ellen Hobbs Lyle, Chancellor**

_____

**No. M1999-02617-COA-R3-CV - Filed October 20, 2000**

_____

An inmate in custody of the Department of Correction filed a petition for a common law Writ of Certiorari alleging that the Board of Paroles acted arbitrarily and illegally in denying him parole. The trial court entered a motion to dismiss for failure to state a claim upon which relief can be granted. This appeal followed and we affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S. and HOLLY K. LILLARD, J., joined.

William H. Horton, *Pro se*.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Pamela S. Lorch, Assistant Attorney General, for the appellee, Parole Eligibility Review Board.

### OPINION

William H. Horton, an inmate in the custody of the Department of Correction, filed a pleading styled "Petition for Common Law Writ Certiorari" in the Chancery Court for Davidson County alleging that the Board[1] acted arbitrarily and illegally at his parole hearing on May 15, 1998. He alleged that the Board illegally extended his release eligibility date; that he was denied access to his "Blue File;" that he was misinformed as to the hearing time and therefore his witnesses did not arrive in time. Additionally, Mr. Horton prayed that he be granted any sentence credits that were forfeited through the Board's actions. Mr. Horton also alleged that the Board acted illegally in denying parole based on the seriousness of the offense due to the fact that he had previously been denied parole on the same basis and thus the Board was barred from doing so again under the doctrine of *res judicata*.

---

[1]The sole named respondent is the Parole Eligibility Review Board. In 1998, the "Board of Probation and Parole" was substituted for the "Board of Paroles." 1998 Tenn. Pub. Acts 1049.

A motion to dismiss was filed pursuant to Rule 12.02(1)(6) asking the court to dismiss the petition for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. This motion was filed in behalf of "the respondents, Colis Newble and the Tennessee Board of Paroles, by and through the office of the Tennessee Attorney General." Colis Newble is identified in the record as Parole Hearings Director of the State of Tennessee Board of Paroles. In a footnote to the motion to dismiss, it is stated that respondent Colis Newble was sued and service was accepted in his official capacity only. A motion for extension of time was also filed in behalf of "the respondent, Colis Newble."

The Parole Eligibility Review Board was created by the General Assembly in 1992 to reconsider the parole eligibility dates of prisoners convicted of nonviolent crimes under the habitual criminal statute and, where appropriate, to grant an eligibility date comparable to that which the offender would have if he were convicted and sentenced under the sentencing reform act of 1989. *See Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 872 (Tenn. Ct. App. 1994). The act which created the Parole Eligibility Review Board further provided that "the Board and its authority terminate on July 1, 1993." Tenn. Code Ann. § 40-35-605 [Obsolete] (Compiler's Notes). Therefore, at the time Mr. Horton filed his petition in this matter on October 13, 1998, the Parole Eligibility Review Board did not exist. However, it appears that service was had upon the Board of Paroles and all parties have treated it as the respondent. In the chancellor's order granting the motion to dismiss, it is stated that the court determined that the Tennessee Board of Paroles is the only proper respondent and all other respondents are dismissed as improper parties.

As best we can determine, the issues presented by Appellant are as follows:

I.      Did the trial court err in granting a motion to dismiss?

II.     Did the trial court err in denying petitioner's motion for recusal?

In his petition, Mr. Horton alleges that the Board of Paroles illegally extended his release eligibility date, and that he was denied access to the "Blue File." Additionally, Mr. Horton protests the absence of his witnesses from the hearing because he misinformed them of the hearing start time. He further alleges that certain board members have a pattern of abusing the parole procedures by extending his release eligibility date and requests that he be granted any sentence credits that were forfeited by the Board's actions.

The failure to state a claim for which relief can be granted is determined from an examination of the complaint alone. *Wolcotts Fin. Servs., Inc. v. McReynolds*, 807 S.W.2d 708 (Tenn. Ct. App. 1990). It is warranted only when no set of facts will entitle the plaintiff to relief, or when the complaint is totally lacking in clarity and specificity. *Dobbs v. Guenther*, 846 S.W.2d 270 (Tenn. Ct. App. 1992). The scope of review under the common law writ is very narrow. It covers only an inquiry into whether the Board has exceeded its jurisdiction or is acting illegally, or fraudulently or arbitrarily. Conclusory terms such as "arbitrary and capricious" will not entitle a petitioner to the

writ.  ***Powell v. Parole Eligibility Review Bd.***, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994) (citing ***Yokley v. State***, 632 S.W.2d 123 (Tenn. Ct. App. 1981)).

It appears to be Mr. Horton's contention that, by denying him parole, the Board "illegally" extended his release eligibility date.  An inmate shall not be eligible for parole until reaching his release eligibility date.  Tenn. Code Ann. § 40-35-501(a)(1) (1997 & Supp. 1999).  The release eligibility date is the earliest date an inmate convicted of a felony is eligible for parole; such date is conditioned on the inmate's good behavior while in prison.  Tenn. Code Ann. § 40-35-501(k) (1997 & Supp. 1999).  Prisoners do not have a right to be released on parole.[2]  ***See Graham v. State***, 202 Tenn. 423, 426, 304 S.W.2d 622, 623 (1957); Tenn. Code Ann. § 40-28-117(a) (1997).  The decision to release a prisoner on parole is within the Board of Paroles' discretion.[3]  ***State ex rel. Ivey v. Meadows***, 216 Tenn. 678, 685, 393 S.W.2d 744, 747 (1965); ***Doyle v. Hampton***, 207 Tenn. 399, 403, 340 S.W.2d 891, 893 (1960). At the time of Mr. Horton's parole hearing, alleged in his petition to be May 15, 1998, the Department of Correction was responsible for determining when a prisoner became eligible for parole consideration.  ***See*** Tenn. Code Ann. §§ 40-28-116 & 40-28-129 (1997).  This decision was based primarily on the portion of the sentence the prisoner has served and on the sentence credits the prisoner has earned.  ***See*** Tenn. Code Ann. § 40-28-115 (1997); Tenn. Comp. R. & Regs. r. 1100-1-1-.07(1)(a) (1995).[4]

With respect to Mr. Horton's claim of a violation of due process, Mr. Horton failed to provide this court with any information on the contents of a "Blue File" and why any addition or deletion of information from this file would constitute a due process violation.  As such, this court can find no proper basis to support his claim of a due process violation.

The petition also asserts that Mr. Horton's witnesses were not present at his hearing.  Mr. Horton had informed his witnesses to be present at 9:00 a.m. while the actual parole hearing began at 8:30 a.m.  He does not state why he told his witnesses to be present at 9:00 a.m.  The petition does

---

[2]The Board is statutorily authorized to deny parole if release would depreciate the serousness of the offense. T.C.A. § 40-35-503(b)(2)(1997).  We have determined that there was no illegality in the determination that granting parole in this case would depreciate the seriousness of the offense.

[3]The powers and duties of the Board are set forth in T.C.A. § 40-28-101 *et seq*.  Section 40-28-115(c) provides that "the action of the Board in releasing prisoners shall be deemed a judicial function and shall not be reviewable if done according to law."  Notwithstanding the forgoing, the Board's conduct may still be scrutinized under a Writ of Certiorari to determine if it has succeeded its jurisdiction, or has acted illegally, fraudulently or arbitrarily in discharging its functions.  ***See Powell v. Parole Eligibility Review Bd.***, 879 S.W.2d 871 (Tenn. Ct. App. 1994).

[4]At the time of Mr. Horton's parole hearing on May 15, 1998 Tenn. Code Ann. § 40-28-116(a)(1)(1997) stated:

The board has the power to cause to be released on parole any person who has been declared eligible for parole consideration by the department of correction.

The 1998 amendment substituted "Board" (Board of Probation and Parole) for "Department of Correction."  1998 Tenn. Pub. Acts 68.  However, the implementation of the act took effect on July 1, 1999.

not state that petitioner was misinformed of the time or that respondent was in any way at fault. The allegations in the petition that the Board acted illegally and arbitrarily are conclusionary statements. No facts, other than those we have heretofore addressed, are set forth to substantiate these allegations.

Mr. Horton further contends that the trial court erred in failing to grant his motion for recusal. We note that the motion for recusal was not filed until after the trial court had entered its order granting the motion to dismiss. The basis for the motion is that the trial court stated an erroneous date in the order. In denying the motion for recusal, the trial court acknowledged that the previous order had erroneously stated that the date of the filing of the writ of certiorari was October 21, 1998 instead of October 13, 1998. The court then amended its previous order to correct that mistake. The motion further contends that the chancellor denied petitioner an opportunity to submit proof. We find that there is no merit to this contention as a motion to dismiss goes to the allegation of the pleadings and does not require evidence. The motion further alleges that the chancellor misapplied the law, acted as an advocate for the Tennessee Board of Paroles, and purposely misinterpreted the issue of the forfeiture of sentence credits. Upon our review, we find no merit to this motion and determine that the chancellor did not abuse her discretion in denying the motion for recusal.

The order of the trial court granting the motion to dismiss is affirmed and the costs of this cause are taxed to William H. Horton, and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE