IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**STATE OF TENNESSEE v. NEIL FRIEDMAN**

**Appeal from the Criminal Court for Carter County**
**No. 11880   Lynn W. Brown, Judge**

**No. E2000-02877-CCA-R3-CD**
**September 24, 2001**

The defendant, Neil Friedman, was convicted of driving under the influence, third offense, and driving on a revoked license. The trial court imposed a sentence of 11 months and 29 days, six months of which was to be served in the county jail, for driving under the influence. A consecutive sentence of six months, 30 days of which was to be served, was imposed for driving on a revoked license. This court affirmed the judgment on direct appeal. State v. Neil M. Friedman, No. 03C01-9704-CR-00140 (Tenn. Crim. App., at Knoxville, Apr. 14, 1998). The application for permission to appeal to the supreme court was denied December 21, 1998. In a hearing conducted on the following day, the trial court reduced the DUI sentence to 120 days, which the defendant has since served, followed by seven months and 29 days of probation. Over one year later, the trial court revoked the probation and ordered service of the remainder of the sentence. In this appeal, the defendant contends that the trial court no longer had authority to revoke the probation. Because the sentence had been fully served and the probationary term had ended when the probation revocation warrant was issued, the judgment must be reversed and the cause dismissed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Reversed and Cause Dismissed**

GARY R. WADE, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Thomas E. Cowan, Jr., for the appellant, Neil Friedman.

Paul G. Summers, Attorney General & Reporter; Patricia C. Kussmann, Assistant Attorney General; and Ken Baldwin, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On March 18, 1995, the defendant lost control of his vehicle, struck a utility pole, and suffered injuries which required an extended period of hospitalization. The defendant appeared to be under the influence of alcohol at the time of the wreck and was driving on a revoked license. In November of 1996, a jury convicted the defendant of DUI, third offense, and driving on a revoked

license. The conviction was affirmed on direct appeal and, later, our supreme court denied application for permission to appeal. On December 22, 1998, the trial court reduced the sentence from six months to 120 days. On January 4, 1999, the defendant reported to jail.

In reducing the sentence, the trial court observed that the defendant had undergone extensive training, had participated in an alternative community corrections program, had passed all drug screens, and had implemented a drug screening program at his place of business. The trial court, which acknowledged that the defendant had completed all of his community service responsibilities, also terminated the previously imposed curfew restriction, but ordered all of the other standard conditions of probation, including continued compliance with all state and federal laws. At the conclusion of the proceeding, the trial court ordered the defendant's counsel to "prepare the order. . . ." On June 12, 2000, almost 17 months after the defendant reported to jail, the trial court entered an order in conjunction with a hearing in which the trial court had the following exchange with defense counsel:

THE COURT: Well, this case was heard back in December of 1998. And, Mr. Cowan, the court directed you to prepare the order reflecting the Court's rulings. It's been almost a year and a half. Where are the orders?

MR. COWAN: If it pleases the Court, until I got your notice from the clerk, I assumed those orders had been entered or that order had been entered. . . .

THE COURT: Did you prepare one?

MR. COWAN: Well, I think we did, Your Honor.

THE COURT: Well, where is it?

MR. COWAN: Well, now that I can't answer to.

After the exchange, the trial court entered an order establishing probationary terms and assessed court costs to defense counsel. The trial judge then remarked, "If you had prepared the order in . . . December [of] '98, or January of '99, then [the defendant] would already be off probation."

On August 16 and 18, 2000, upon the oath of the probation officer, the trial court issued probation violation warrants. They included allegations that the defendant had committed an assault in Sullivan County in October of 1999 and that he had failed to report his arrest and conviction. At the revocation hearing scheduled for October 2, 2000, the district attorney general withdrew from the prosecution because the defendant was being utilized as a prosecution witness in a bribery case. An assistant district attorney pro tem represented the state in a hearing which ensued some 16 days later. At that proceeding, the assistant district attorney pro tem expressed the view that the jurisdiction of the court had ended because the probation violation warrant had not been issued

within 11 months and 29 days from the date of the defendant's incarceration.  The trial court disagreed and ordered the defendant to serve the sentence less his prior jail credits.

Tennessee Code Annotated § 40-23-101(a) provides as follows:

> When a person is sentenced to imprisonment, the judgment of the court shall be rendered so that such sentence shall commence on the day on which the defendant legally comes into the custody of the sheriff for execution of the judgment of imprisonment.

In State v. Watkins, 972 S.W.2d 703 (Tenn. Crim. App. 1998), this court ruled that a probationary term can extend only so long as the sentence of 11 months and 29 days.  Similarly, in State v. Vito Summa, No. 02C01-9411-CR-00254, slip op. at 5 (Tenn. Crim. App., at Jackson, Dec. 28, 1995), perm. to appeal denied, (Tenn. 1996), this court ruled that after a period of "actual incarceration" on an 11-month-29-day sentence, the trial judge could not sentence the defendant to a probationary term longer than six months and 22 days, the balance of the term after deducting jail credits.  The portion of the order extending the probationary period beyond 11 months and 29 days was declared void.  In State v. Hunter, 1 S.W.3d 643, 646 (Tenn. 1999), our supreme court observed that when a defendant successfully completes a probationary sentence, the trial court is without authority to revoke the probation and order service of the original sentence.  See also Tenn. Code Ann. § 40-35-310.

The state attorney general concedes and this court must conclude that the trial court had no authority to enter the order on June 12, 2000, placing the defendant on an additional seven months 29 days probation.  In consequence, there was no basis for the issuance of the revocation warrants.  The term of probation in this case ended on January 3, 2000, which is 11 months and 29 days from the date that the defendant was placed in custody.  See Wilson v. State, 882 S.W.2d 361, 364 (Tenn. Crim. App. 1994).

Accordingly, the judgment must be reversed and the cause dismissed.

_____
GARY R. WADE, PRESIDING JUDGE