# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs, April 19, 2011

## MARSHALL H. MURDOCK, v. STATE OF TENNESSEE, et al.

**Appeal from the Chancery Court for Davidson County**
**No. 09-1745-II     Hon. Carol L. McCoy, Chancellor**

---

**No. M2010-01471-COA-R3-CV - Filed May 13, 2011**

---

Petitioner brought this action styled: "Petition for Declaratory Judgment", naming the Tennessee Department of Corrections and the Tennessee Board of Paroles as defendants. The Trial Judge, responding to a Motion to Dismiss, dismissed the Department of Corrections on the grounds that it was not a proper party to challenge a parole board decision. The Trial Court then treated the Petition as a common law writ of certiorari, and held that the writ was not timely filed. Petitioner has appealed to this Court and we affirm the Judgment of the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Marshall H. Murdock, Tiptonville, Tennessee, *pro se.*

Mark A. Hudson, Nashville, Tennessee, for the appellee, Tennessee Board of Paroles and Tennessee Board of Corrections.

## OPINION

Petitioner, Marshall Murdock, a prisoner acting *pro se*, filed a Petition for Declaratory

Judgment in the Chancery Court naming the Tennessee Department of Corrections and the Tennessee Board of Paroles on September 4, 2009. The Complaint alleged that the due process utilized when he was reviewed for the possibility of parole was not conducted properly. Murdock states that neither he nor his supporters were present at the parole hearing, and thus could not provide information regarding his "state of mind" at the time of the offense. He further argued that because he was in prison in Mississippi at the time of the parole hearing, he was treated differently than an in-state prisoner and that this violated his right to due process.

The record shows that Murdock was given notice of the non-appearance hearing that was to take place, and that notice was sent on August 31, 2006, with the noticed hearing to be held on October 27, 2006. Murdock was informed that if he wished to present evidence on his behalf, he should submit his documentation to the Board no later than five days before the hearing. On November 8, 2006, Murdock was sent notice that parole was denied, and that the next review date would be 2012. An appeal resulted, which was denied on February 5, 2007.

The Trial Court entered an Order directing Murdock to file his special inmate affidavit and a copy of his trust account statement before the case could proceed. Respondents filed a Motion to Dismiss, stating that the Court had no subject matter jurisdiction, and that the petition failed to state a claim upon which relief could be granted. Murdock then submitted a certification regarding his trust fund balance, and later submitted the inmate affidavit. The Trial Court then allowed the case to proceed.

The Trial Court entered an Order regarding the Motion to Dismiss, and held that TDOC should be dismissed because they were not a proper party in a challenge to a parole board decision. The Court explained that parole decisions were discretionary and were the prerogative of the Tennessee Board of Paroles, citing Tenn. Code Ann. §40-28-116(a)(1) and *State ex rel. Ivey v. Meadows*, 393 S.W.2d 744 (1965). The Court further stated that the provisions of the APA did not apply to decisions of the Tennessee Board of Paroles, pursuant to Tenn. Code Ann. §4-5-106(c), such that the proper procedural vehicle for prisoners to seek review of decisions of the parole board was through a common law writ of certiorari, citing *Rhoden v. TDOC*, 984 S.W.2d 955 (Tenn. Ct. App. 1988).

The Court noted that it was supposed to give effect to the "substance, rather than the form or terminology of a *pro se* litigant's papers", and thus allowed Murdock's petition to be treated as one seeking common law writ of certiorari. The Court then held, however, that petitioner had waiting too long to file his petition, as the decision petitioner complained of took place in 2007, and he did not file his petition until 2009. The Court held that a petition for common law writ of certiorari had to be filed within sixty days from the entry of

judgment, and that this sixty day filing rule was mandatory and jurisdictional. Thus, the Court concluded that it lacked subject matter jurisdiction.

Murdock then filed a Notice of Appeal, raising the following issues:

I.   Whether the Trial Court properly dismissed the petition, or should have tolled the statute of limitations?

II.  Whether the board of parole should have used two way video conferencing when conducting the parole hearing?

As the Trial Court determined, the proper procedure for review of any action by the parole board is via a petition for common law writ of certiorari, as the provisions of the Uniform Administrative Procedures Act do not apply. *See Turner v. Tennessee Bd. of Paroles,* 993 S.W.2d 78 (Tenn. Ct. App. 1999); Tenn. Code Ann. §4-5-106. Pursuant to Tenn. Code Ann. §27-9-102, such a petition must be filed within sixty days of the administrative action complained of or the trial court has no jurisdiction over the dispute. *See Turner[1].*

In this case, the parole hearing occurred in 2006, and was denied in early 2007. This Petition was untimely, and while Murdock argues the Trial Court should have tolled the 60 day time limit, he presented no basis to support this argument.

As the Trial Court found, the 60 day filing rule is mandatory and jurisdictional. *See Turner.* The Trial Court properly dismissed Murdock's Petition, and we affirm the Judgment of the Trial Court with the cost of the appeal assessed to Marshall H. Murdock.

_____
HERSCHEL PICKENS FRANKS, P.J.

---

[1]While the Trial Court treated the petition as a common law writ of certiorari, it was not appropriate to be treated as such because it was not sworn to by the petitioner, which the cases and the now Supreme Court Rule have mandated that all common law petitions for writ of certiorari must be sworn to by the applicant.