**M.J. JANSEN, Jr., Plaintiff/Appellant,**

v.

**Ralph W. CLAYTON and wife, Mildred W. Clayton, Miniard L. Holley and wife, Ella J. Holley, Paul Joseph Holley, and Garner L. Rye and wife, Dorothy V. Rye, Defendants/Appellees.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

May 17, 1991.

Permission to Appeal Denied by Supreme Court Sept. 9, 1991.

William J. Peeler, Waverly, for plaintiff/appellant.

Jim Sowell, Dickson, for defendants/appellees Ralph W. and Mildred W. Clayton.

Lawrence E. Ramsey, Dickson, for defendants/appellees Ella J. Holley and Paul Joseph Holley.

## OPINION

CANTRELL, Judge.

This is an action in ejectment concerning 265 acres of land in Houston County. The trial judge granted summary judgment to the defendants, holding (1) that they had paid the taxes on the land for more than twenty years and the plaintiff had not, (2) that the plaintiff was guilty of laches, and (3) that the defendants had adversely possessed the property for more than seven years under recorded assurances of title. We affirm the trial judge's application of the defense of laches but hold that the record does not conclusively show who paid the taxes in the twenty year period prior to 1982 when suit was brought. We also find that the record does not establish that the defendants have acquired title to the property, nor have they established the defense of adverse possession.

M.J. Jansen and wife, Sarildia Jansen, owned a 265 acre tract of land in Houston County known as the "Brooks Tract." On September 29, 1952, they executed a warranty deed conveying the property to their son, M.J. Jansen, Jr. The son, the plaintiff in this action, moved out of the state in 1953 and has lived outside the state since that time. His parents lived for a while on an adjoining tract in Houston County and then moved to Ohio where Mrs. Jansen died in 1967.

Of record in the Register's Office of Houston County is a deed from "M.J. Jansen, Jr., a widower," executed in Erie County, Ohio in October of 1968, conveying the Brooks Tract to Billy W. Partridge and Zelda M. Partridge. The younger Mr. Jansen, who has never been a widower, claims the deed is a forgery.

By subsequent and regular conveyances, the defendants Ralph W. Clayton and Mildred Clayton acquired title to the property in 1969. They sold a 65 acre parcel to Miniard, Ella, and Joseph Holley in 1969 and a 1.34 acre parcel to Garner and Dorothy Rye in 1979.

In 1976, the plaintiff learned of the forged deed. He had a lawyer do a preliminary investigation at that time but did not employ counsel to pursue his claim until late 1977. The first action was brought in 1982 but voluntarily dismissed in 1986. This action was filed on April 8, 1987.

### I.

■ The appellant raises as an issue the trial judge's finding that the appellees had paid the taxes for twenty years prior to the present action and that the plaintiff had not. We think the appellant is correct. The present state of the record does not support a finding either way. The plaintiff testified in his deposition that he left his father in charge of paying the taxes after 1953. The proof on record showing the payment of taxes only goes back to 1962. From 1962 through 1964 the taxes were paid by M.J. Jansen. From 1965 through 1967 the taxes were paid by A.L. Shipman, Lamar Shipman, or Fred Shipman. From 1968 through 1975 the records have been lost. From 1976 through 1988 Mr. and Mrs. Clayton paid the taxes on the part of the property they retained.

It is possible that the taxes paid by A.L., Lamar and Fred Shipman were paid on behalf of the plaintiff through some arrangement made by his father. Since the record does not show who paid the taxes from 1968 through 1975, it is also possible that the taxes were paid on his behalf by his father or someone else. Therefore, summary judgment based on payment or non-payment of taxes was improper since the record does not show that the defendants were entitled to a judgment as a matter of law.

### . II.

■ On the adverse possession issue, the only proof is an affidavit of Mr. and Mrs. Clayton. They contend that they have sold part of the property, have periodically inspected it, and intend to harvest the timber from the property when it is advantageous to do so. In addition, they assert in a conclusory fashion that they have been in exclusive, actual, open, and notorious possession of the property since May 26, 1969. There is no proof with respect to what dominion, control, and possession have been exercised by the Holleys or the Ryes.

We think the proof fails to show the type of possession that would give the defendants title to the property under Tenn.Code Ann. § 28–2–101, or would bar the plaintiff's claim under Tenn.Code Ann. § 28–2–102 or –103. Summary judgment on that ground was improper.

### III.

■ However, we conclude that the trial judge was correct in finding that the plaintiff is guilty of laches. This equitable defense involves an inexcusably long delay coupled with injury to the rights of another resulting from the delay. *State ex rel Elvis Presley v. Crowell*, 733 S.W.2d 89 (Tenn.App.1987); *In re Estate of Darwin*, 503 S.W.2d 511 (Tenn.1973). Some cases hold that the delay must be the result of negligence. *Frye v. Credit Union*, 713

S.W.2d 324 (Tenn.App.1986); *Samuel v. King,* 158 Tenn. 546, 14 S.W.2d 963 (1921).

 In this record the facts recited below are undisputed. The plaintiff learned in 1976 that his property was being claimed by others and he finally secured counsel in late 1977 and brought suit in 1982. M.J. Jansen, Sr. died in 1976 shortly after the plaintiff learned of the forged deed. A witness to the deed died in December of 1978. The grantees on the deed cannot be found. The defendants have paid the taxes on the property at least since 1975 and Mr. and Mrs. Clayton conveyed away a portion of the property to the Rye defendants in 1979. When asked why he waited until 1982 to bring suit, the plaintiff, on the advice of counsel, refused to answer.

 In the cases applying the defense of laches, the courts frequently cite the death of witnesses or the loss of evidence as the sort of prejudice that, coupled with an unreasonable delay, amount to laches. *Baker v. Baker,* 24 Tenn.App. 220, 142 S.W.2d 737 (1940); *Carpenter v. Wright,* 158 Tenn. 287, 13 S.W.2d 51 (1929); *Evans v. Steele,* 125 Tenn. 483, 145 S.W. 162 (1911).

We think the undisputed facts of this case show the plaintiff has been guilty of laches. After discovering the adverse claim to his property, he waited more than a year to hire a lawyer. His father, whom the plaintiff suspects forged the deed, died in that interval without being questioned about his involvement in the transaction. A witness to the deed died in 1978, four years before the plaintiff finally brought suit in 1982. The grantees on the alleged forged deed cannot be found. While the plaintiff delayed bringing this action, the defendants paid the taxes and Mr. and Mrs. Clayton sold part of the property to innocent third parties.

 The trial judge properly sustained the defense of laches to the plaintiff's claim. The plaintiff's delay is wholly unexplained and the loss of witnesses is prejudicial to the defendants. Although ejectment is an action at law, equitable defenses may bar purely legal claims. *See Carpenter v. Wright,* 158 Tenn. 287, 13 S.W.2d 51

(1929); *Continental Bankers Life v. Simmons,* 561 S.W.2d 460 (Tenn.App.1977).

The judgment of the court below is affirmed in part and reversed in part and the cause is remanded to the Circuit Court of Houston County for further proceedings if necessary. Tax the costs on appeal to the appellant.

TODD, P.J., and KOCH, J., concur.