STATE of Tennessee, Appellee,

v.

**Patrick O. GIPSON, Appellant.**

**STATE of Tennessee, Appellee,**

v.

**Jimmy G. HARMON, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Sept. 13, 1996.

No Permission to Appeal Applied for to the Supreme Court.

Lionel R. Barrett, Jr., Nashville, for Appellants.

Charles W. Burson, Attorney General and Reporter, Karen M. Yacuzzo, Assistant Attorney General, Victor S. Johnson, District Attorney General, Bernard F. McEvoy, Assistant District Attorney General, Nashville, for Appellee.

## OPINION

WELLES, Judge.

These are appeals pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. Each Defendant appeals from separate orders of the trial court finding him to be an habitual traffic offender.[1] On appeal, each Defendant argues that the trial court erred by not dismissing the State's petition to have him declared an habitual offender on the grounds that the petition was barred by the District Attorney General's delay in bringing the petition or by the equitable doctrine of laches. We disagree and affirm the judgments of the trial court.

The underlying facts are not in dispute. Each Defendant has at least three convictions for the offense of driving while under the influence of an intoxicant. The conviction which gave rise to the filing of the habitual offender petition against Defendant Gipson occurred on September 1, 1993 in Davidson County, Tennessee. The conviction which gave rise to the filing of the habitual offender petition against Defendant Harmon occurred on July 1, 1993 in Davidson County, Tennessee. The petitions to have each Defendant declared an habitual

offender were not filed until February of 1995, some seventeen months and nineteen months after the respective triggering convictions. Each Defendant filed an answer pleading the doctrine of laches as a defense and arguing that the State violated his due process by waiting so long to file the petition. The trial court overruled each Defendant's motion and found each Defendant to be an habitual offender. It is from these orders of the trial court that the Defendants appeal.

The Motor Vehicle Habitual Offender's Act declares it to be the policy of the State of Tennessee to:

(1) Provide maximum safety for all persons who travel or otherwise use the public highways of the state;

(2) Deny the privilege of operating motor vehicles on such highways to persons who by their conduct and record have demonstrated their indifference to the safety and welfare of others and their disrespect for the laws of the state; and

(3) Discourage repetition of unlawful acts by individuals against the peace and dignity of this state and its political subdivisions, and to impose the added deprivation of the privilege of operating motor vehicles upon habitual offenders who have been convicted repeatedly of violations of laws involving the operation of motor vehicles.

Tenn.Code Ann. § 55–10–602.

To accomplish this purpose, the Act sets forth that a person who is convicted of three or more of certain enumerated offenses is an habitual offender. Tenn.Code Ann. § 55–10–603(2). When the records of the Department of Safety show that an individual has accumulated the requisite convictions to be an habitual offender, the Commissioner of Safety is directed to furnish that record to the District Attorney General for the judicial district wherein the individual resides or may be found. Tenn.Code Ann. § 55–10–605(b).

Upon receipt of the record of such an individual from the Commissioner of Safety, it is the duty of the District Attorney General to "forthwith" file a petition against the

---

1. Tenn.Code Ann. § 55–10–603.

individual to have the individual declared an habitual offender. Tenn.Code Ann. § 55–10–606(a). The law also authorizes the District Attorney General to file such a petition if the District Attorney receives "appropriate information" from any source other than the Commissioner of Safety. Tenn.Code Ann. § 55–10–606(b). We cannot determine from the records in the cases *sub judice* when or even if the District Attorney General for Davidson County received the Defendants' driving records from the Department of Safety.

Each Defendant argues that because the triggering conviction of DUI occurred in Davidson County, the Davidson County District Attorney General had immediate knowledge of the conviction and should have proceeded "forthwith" with the filing of the petition. Thus, each argues that because the District Attorney did not comply with the requirements of the statute, the petition should be barred. Each Defendant also argues that even if the State is not barred due to the District Attorney's failure to comply with the statute, the doctrine of laches should apply to bar the enforcement of the Act.

This court has previously addressed the issue raised herein in *State v. Roger W. Freeman*, No. 03–C–01–9208–CR–00268, Sullivan County, 1993 WL 186054 (Tenn.Crim. App., Knoxville, filed June 1, 1993). In *Freeman*, this court held that the term "forthwith" as found in the Act should apply equally to the prosecutor's duty to act whether upon receipt of the information from the Department of Safety or from any other source. *Id.* At 3. The *Freeman* court also noted that from the record the court was unable to determine when the District Attorney became aware that the Defendant could be prosecuted as an habitual traffic offender and, therefore, could not determine whether the District Attorney had acted "forthwith." *Id.* At 3–4. The *Freeman* court further concluded that the doctrine of laches was inapplicable because the Defendant had failed to establish that the delay was inexcusable. *Id.* at 4. We believe the reasoning of *Freeman* is sound.

As in *Freeman*, from the records in the cases *sub judice*, we are unable to determine when the District Attorney General determined that each Defendant's record qualified him as an habitual traffic offender.

■ To establish the equitable defense of laches, it must first be established that there was inexcusable delay in bringing the action. *Jansen v. Clayton*, 816 S.W.2d 49, 51, 52 (Tenn.App.), *perm. to appeal denied, id.* (Tenn.1991). In the cases *sub judice*, as in *Freeman*, there is no proof in the record in regard to when the District Attorney General became aware of each Defendant's eligibility for the prosecution under the Habitual Motor Vehicle Offender Act or for what reason he delayed, if indeed he inexcusably delayed at all.

In view of the public policy declared by the legislature in enacting the Habitual Offender Act, we also point out that it is doubtful that the legislature directed the District Attorney General to proceed "forthwith" so that habitual motor offenders would be protected from delay. It is quite obvious that the District Attorney General was directed to proceed "forthwith" so that the public would be protected from the habitual offenders.

■ We also note that the doctrine of laches is not generally imputed to a governmental agency by the action of an office holder. *State ex rel. Crist v. Bomar*, 211 Tenn. (15 McCanless) 420, 426, 365 S.W.2d 295, 297 (1963).

In *John P. Saad & Sons v. Nashville Thermal Transfer Corporation*, 715 S.W.2d 41, 46 (Tenn.1986), our Supreme Court observed as follows:

The Tennessee Court of Appeals noted in *American National Insurance Co. v. McPhetridge*, 28 Tenn.App. 145, 187 S.W.2d 640, *cert. denied* (Tenn.1945), "[t]he doctrine of laches was very aptly stated ... in *Evans v. Steele*, 125 Tenn. [ (17 Cates) ] 483, 494, 495, 145 S.W. 162, 165, [ (1912) ] as follows:

'Relief is generally refused by courts of equity, because of lapse of time, only in such cases where the loss of evidence, death of witnesses or parties, and *failure of memory* resulting in the obscuration of facts to the prejudice of the defendant,

render uncertain the ascertainment of truth, and make it impossible for the court to pronounce a decree with confidence ... The doctrine of laches ... is not an arbitrary or technical doctrine. No hard and fast rule for its application can be formulated.' "

■ We also note that the application of the doctrine of laches lies within the discretion of the trial court, and it will not be reversed except on a showing of an abuse of discretion. *Id.*

We conclude that the trial court did not err by refusing to dismiss the State's petitions on the grounds that the District Attorney General did not proceed "forthwith" in bringing the petitions or on the basis of laches. The judgments of the trial court are affirmed.

BARKER and SMITH, JJ., concur.