RAYMOND O. HAMPTON,  )  DAVIDSON CHANCERY
           )  No. 96-1322-II
  Appellant     )
           )  Appeal No:
v.         )  01A01-9711-CH-00640
           )
TENNESSEE TRUCK SALES,  )
INC.,         )
           )
  Appellee      )

**FILED**

**April 29, 1998**

**Cecil W. Crowson
Appellate Court Clerk**

**IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE**

**APPEAL FROM THE DAVIDSON COUNTY CHANCERY COURT
AT NASHVILLE, TENNESSEE**

**HONORABLE CAROL McCOY, CHANCELLOR**

G. Kline Preston, IV
Washington Square Two
222 2nd Avenue North
Suite 416
Nashville, TN 37201
ATTORNEY FOR PLAINTIFF/APPELLANT

Gerald C. Wigger
W. Carl Spining
ORTALE, KELLEY, HERBERT & CRAWFORD, LLP
200 Fourth Avenue North
Third Floor
P. O. Box 198985
Nashville, TN 37219-8985
ATTORNEYS FOR DEFENDANT/APPELLEE

**AFFIRMED AND REMANDED**

         WILLIAM H. INMAN, SENIOR JUDGE

CONCUR:

HENRY F. TODD, PRESIDING JUDGE, MIDDLE SECTION

BEN H. CANTRELL, JUDGE

| RAYMOND O. HAMPTON, | ) | DAVIDSON CHANCERY |
|---|---|---|
| | ) | No. 96-1322-II |
| Plaintiff/Appellant | ) | |
| | ) | Appeal No: |
| v. | ) | 01A01-9711-CH-00640 |
| | ) | |
| TENNESSEE TRUCK SALES, | ) | |
| INC., | ) | |
| | ) | |
| Defendant/Appellee | ) | |

## O P I N I O N

Appellant purchased a used truck from seller [appellee] then filed a complaint against appellee, along with the manufacturers of refurbished parts, alleging that a subsequent $7,330.00 repair bill was occasioned by their breach of express and implied warranties on the truck. The parties entered into an agreed order which stipulated that the seller and manufacturers would share the cost of repairs and deliver the truck to appellant in good condition. Appellant took possession of the truck but seven months later filed this RULE 60.02 motion to set aside the agreed order.

The trial court dismissed the motion based on the doctrine of laches.

We affirm the judgment of the trial court.

Raymond Hampton [appellant] purchased a truck from Tennessee Truck Sales, Inc.[appellee] in February 1995 which soon required extensive repair, performed by appellee. Appellant refused to pay the $7,330.00 repair bill, maintaining it was the responsibility of the seller pursuant to warranty. Appellee refused to return the repaired truck to its owner until the bill was paid.

Appellant filed a complaint on April 26, 1996 against appellee, along with Sealed Power Corporation and Federal Mogul Engine Products[1] for breach

_____

[1]Sealed Power and Federal Mogul provided the repair parts.

of express and implied warranties. The complaint was dismissed by the entry of an agreed order on September 12, 1996 in which Sealed Power and Federal Mogul agreed to pay $2,400.00 each to Tennessee Truck Sales, and Tennessee Truck Sales agreed to accept that sum as payment in full of the repair bill and to return his truck to him "in good working condition."

Appellant took possession of the repaired truck from Tennessee Truck Sales in September 1996. Seven months later he filed this RULE 60.02 motion to set aside the agreed order, alleging material misrepresentation in the inducement to dismiss his complaint. He complained that when the truck was returned to him it was not in good working condition and had over $7,000.00 in body damages caused while in the exclusive possession and control of appellee.

Appellee argued that appellant had never mentioned any problems with the truck until seven months after it was returned to him.

The trial court denied appellant's motion to set aside the agreed order, specifically finding that

> "the Plaintiff's claim should fail on the doctrine of latches in that the plaintiff delayed over seven months before petitioning the court for relief. During that period of time, Defendant Tennessee Truck Sales, Inc. was prejudiced by changed conditions not only in its rights as to the Plaintiff but also the condition of the vehicle in question."

We agree with the trial court that appellant was guilty of laches. This equitable defense involves an inexcusably long delay coupled with injury to the rights of another resulting from the delay. *Jansen v. Clayton,* 816 S.W.2d 49 (Tenn. App. 1991), citing *State ex rel Elvis Presley v. Crowell,* 733 S.W.2d 89 (Tenn. 1987); *In Re: Estate of Darwin,* 503 S.W.2d 511 (Tenn. 1973).

The appellant admits that he took possession of his truck in September, 1996, but says the truck was not returned in good working condition and that

> "It had five or six serious oil leaks, the engine was sucking air, one of the heads was seeping, it sounded like it had several cracked

injectors, the batteries needed replacing along with flat tires, and [it had] over $7,000.00 in body damages caused while in the exclusive possession and control of [appellee]."

Although the problems with the truck were such that he should have noticed them immediately upon taking possession,[2] the plaintiff waited seven months to file a motion to set aside the agreed order.  After that length of time, the appellee cannot reasonably be expected to prove the condition of the truck when it was delivered to appellant.  These circumstances justify the application of the doctrine of laches.

Appellant attacks the trial court's denial of his motion as an abuse of discretion.  A RULE 60.02 motion addresses the discretion of the trial court, and such decision shall not be disturbed except upon a showing that the trial court abused its discretion.  *Underwood v. Zurich Ins. Co.,* 854 S.W.2d 94 (Tenn. 1993).  A final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in the prejudice to the judicial process.  T.R.A.P. Rule 36(b).  We find no error by the trial court and affirm the judgment at the cost of the appellant.

_____
William H. Inman, Senior Judge

CONCUR:


_____
Henry F. Todd, Presiding Judge


_____
_____

[2] If nothing else, $7,000.00 in body damage would have been readily apparent.

Ben H. Cantrell, Judge