# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### AUGUST SESSION, 1999

FILED

October 31, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9901-CR-00015 |
|---|---|---|
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. JAMES C. BEASLEY, JR., |
| BAILEY R. AGNEW, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Habitual Motor Vehicle Offender) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CRIMINAL COURT OF SHELBY COUNTY

FOR THE APPELLANT:

EDWIN C. LENOW
100 North Main Building, #2325
Memphis, TN 38103

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General and Reporter

PATRICIA C. KUSSMANN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

WILLIAM GIBBONS
District Attorney General

PAULA WULFF
Assistant District Attorney General
Criminal Justice Complex, Suite 301
201 Poplar Avenue
Memphis, TN 38103

ORDER FILED _____

AFFIRMED PURSUANT TO RULE 20

JERRY L. SMITH, JUDGE

# ORDER

The Appellant, Bailey R. Agnew, appeals the Shelby County Criminal Court's order declaring him an Habitual Motor Vehicle Offender under Tenn. Code Ann. § 55-10-601, et. seq. On appeal, the Appellant claims that the trial court erred in denying his motion to dismiss the State's petition to have him declared an habitual offender on the grounds that the petition was barred by the statute of limitations or, in the alternative, the equitable doctrine of laches. We affirm the trial court's judgment pursuant to Rule 20 of the Tennessee Court of Appeals.

The Appellant was convicted on October 13, 1992, and June 27, 1997, for driving while his license was cancelled, suspended or revoked. On August 15, 1997, the Appellant was convicted for the offense of driving under the influence of an intoxicant. Sometime thereafter, the Tennessee Department of Safety notified the district attorney's office that the Appellant had received three (3) qualifying convictions in five (5) years, making him an habitual offender under the Motor Vehicle Habitual Offenders Act. *See* Tenn. Code Ann. § 55-10-603(2)(A). On February 13, 1998, the State filed a petition to have the Appellant declared an habitual offender.

The Appellant contends that Tenn. Code Ann. § 55-10-606 requires the district attorney to "forthwith" file the petition upon receiving notice that a defendant has the requisite number of convictions to be declared an habitual offender. Thus, he maintains that the State's petition is time-barred under the

-2-

statute of limitations and under the doctrine of laches because the assistant district attorney did not file the petition to declare him an habitual offender immediately upon receipt of notice.

To establish the defense of laches, the Defendant must prove (1) an inexcusably long delay in bringing the suit, and (2) prejudice to the Defendant as a result of the delay. Jansen v. Clayton, 816 S.W.2d 49, 51 (Tenn. App. 1991). The assistant district attorney who filed the petition estimated that he received notice of the Appellant's habitual offender status in December 1997. The trial court found that a delay of two (2) months in filing the petition was not inexcusable nor inappropriate, and we agree. The application of the doctrine of laches lies within the trial court's discretion and will not be reversed absent an abuse of discretion. State v. Gipson, 940 S.W.2d 73, 76 (Tenn. Crim. App. 1996). The trial court did not abuse its discretion.[1]

The Appellant further claims that the petition is barred under the statute of limitations. However, although the prosecutor has a duty to "proceed with due diligence to file a petition," this Court has held that no statute of limitations applies under the Motor Vehicle Habitual Offenders Act. State v. Roger W. Freeman, C.C.A. No. 03C01-9208-CR-00268, 1993 Tenn. Crim. App. LEXIS 349, at *2, Sullivan County (Tenn. Crim. App. filed June 1, 1993, at Knoxville).

After reviewing the record before this Court, we conclude that the trial court did not err in failing to dismiss the State's petition to declare the Appellant an

---

[1] It is doubtful that the doctrine of laches would even apply in this case. "[T]he doctrine of laches is not generally imputed to a governmental agency by the action of an office holder." State v. Gipson, 940 S.W.2d at 75.

Habitual Motor Vehicle Offender.  Accordingly, we affirm the judgment of the trial court pursuant to Tennessee Court of Criminal Appeals Rule 20.  Costs of this appeal are taxed to the Appellant, Bailey R. Agnew, for which let execution issue.


_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
DAVID H. WELLES, JUDGE


_____
JAMES CURWOOD WITT, JR., JUDGE