IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 7, 2002 Session

## GEORGE B. ALDER, JR. v. BILLY JACK BIBLE, ET AL.

**Appeal from the Chancery Court for Marion County**
**No. 6309      Jeffrey F. Stewart, Judge**

**No. M2001-00696-COA-R3-CV Filed May 2, 2002**

The plaintiff sued adjoining landowners asking the court to establish the boundary line between the two properties.  The Chancery Court of Marion County held that the line originally ran where the plaintiff claimed but that the plaintiff's claim was barred by laches and adverse possession.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN, J. and JANE W. WHEATCRAFT, SP. J., joined.

Edwin Z. Kelly, Jr., Jasper, Tennessee, for the appellant, George B. Alder, Jr.

Jerry B. Bible, Jasper, Tennessee, for the appellees, Billy Jack Bible and Hylis Bible.

**OPINION**

**I.**

George B. Alder, Jr.'s family has owned a large parcel of land in Marion County since 1924.  Since 1952 Billy Jack Bible's family has owned property that adjoins the Alder property on part of its southern boundary.  Billy Jack Bible and his wife, Hylis Bible, acquired the Bible property from Mr. Bible's parents in 1970.  George B. Alder, Jr. inherited the northern tract from his mother in 1981.

In 1973 the plaintiff's mother, Mrs. Mildred Harley Alder, sold the timber from her property to the Sewanee Forest Industries, Inc.  Mr. Bible discovered that the timber company was cutting the trees on what he thought was his property, so he hired a surveyor to establish his line.  Armed with the survey results Mr. Bible sued the timber company for removing the trees and for incidental damage to his land.  The timber company filed a third-party complaint against Mrs. Alder alleging

that they cut the timber within the boundaries as shown to them by George Alder, Jr. and that if they cut any of Mr. Bible's timber Mrs. Alder should be ultimately responsible.

Mrs. Alder filed an answer in which she denied that her son had shown the property lines to the timber company. The Circuit Court of Marion County awarded Mr. Bible $540 in damages against the timber company and dismissed the third party complaint against Mrs. Alder. The Circuit Court record had to be reconstructed from the files of the attorneys involved because the original court record had been destroyed in a fire at the Marion County Courthouse sometime between the 1977 trial and the trial in this case.

At least as early as 1976, when Mr. Bible's surveyor finished his work the line shown in the survey was plainly marked with red paint. Mr. Bible testified that the survey followed the lines he and his father were shown when his father bought the property in 1952. After Mr. Alder inherited his mother's property in 1981, he had his property surveyed. This survey, completed in June of 1981 showed the painted red line encroaching on what the survey showed to be Mr. Alder's property and it referred to other monuments that Mr. Bible claimed marked the corners of his property. The 1981 plat referred to the disputed area as "Area Claimed by Bible."

Mr. Alder filed this action in 1999 asking the court to establish the line between the two properties. The Bible's answer included the defenses of laches and res judicata. The Bibles also filed a counter-claim asking that the boundary line be established according to the survey they had prepared in 1976. They based their prayer on res judicata, laches, and adverse possession.

The chancellor held that the original line was indeed the line shown on Mr. Alder's survey in 1981, but the chancellor also held that Mr. Alder's claim was barred by laches. In addition the chancellor granted the Bibles' counter-claim and held that they had established title to the disputed area by adverse possession.

## II.
### LACHES

Laches is an equitable defense that bars a plaintiff's claim if the plaintiff delays making the claim for an unreasonable time and the defendant is prejudiced by the delay. *In Re Estate of Darwin*, 503 S.W.2d 511, 514 (Tenn. 1973); *Jansen v. Clayton*, 816 S.W.2d 49, 51 (Tenn. Ct. App. 1991). Although Mr. Alder asserts that a laches defense applies only to equitable claims, we rejected that contention in *Jansen* and the Supreme Court recognized in *Darwin* that the defense might apply to a claim against a surety's estate filed by the State of Tennessee to collect on a bond given to secure the payment of state taxes. *See also Carpenter v. Wright*, 13 S.W.2d 51 (Tenn. 1929).

The delay in this case can only be called extraordinary. Mr. Alder knew for sure in 1981 that Mr. Bible claimed a substantial part of the property that lay inside Mr. Alder's line. The 1981 plat shows the area and describes it by metes and bounds as "Area Claimed By Bible." Yet Mr. Alder did not file this action until 1999.

Despite this unusual delay, Mr. Alder contends that Mr. Bible has not been prejudiced by it. But one of the surest ways to prejudice a litigant is to delay bringing suit until witnesses die or memories grow dim. *Evans v. Steele*, 145 S.W. 162, 165 (Tenn. 1912); *Carpenter v. Wright*, 13 S.W.2d 51 (Tenn. 1929). In this case Mr. Bible's father, with whom Mr. Bible worked the lines when they purchased the property in 1952, and all but one of his siblings are now dead. The surveyor on whom he relied in 1976 moved from the county in 1977, and the surveyor could not recall many of the details that he considered in arriving at his location of the boundary line. And, finally, the record in the prior action involving Mr. Bible and Mr. Alder's predecessor in title, was lost in a courthouse fire. Mr. Bible's res judicata defense could only be established by the record from that case.

We affirm the chancellor's finding that Mr. Alder's claim is barred by laches.

## III.
### ADVERSE POSSESSION

Title to land may be acquired by twenty years of adverse possession which establishes a common law presumption of a grant. *Tidwell v. Van Deventer*, 686 S.W.2d 899, 903 (Tenn. Ct. App. 1984). It may also be acquired by seven years of adverse possession of lands granted by the state coupled with a recorded assurance of title. *See* Tenn. Code Ann. § 28-2-101; *Tidwell v. Van Deventer*, 686 S.W.2d 899, 902 (Tenn. Ct. App. 1984). The one claiming title by adverse possession has the burden of proving by clear and positive proof both the length of time and the character of the possession. *Southern Coal & Iron Co. v. Schwoon*, 239 S.W. 398, 403 (Tenn. 1921).

The possession must be exclusive, actual, adverse, continuous, open, and notorious. *Sequatchie Valley Coal & Iron Co. v. Coppinger*, 32 S.W. 465, 466 (Tenn. 1895); *Kirkman v. Brown*, 27 S.W. 709, 710 (Tenn. 1894). What amounts to actual possession depends on the nature and situation of the property, the usage to which it is adapted, and the kind of possession of which it is susceptible. *Copeland v. Murphey*, 42 Tenn. (2 Cold.) 64, 70-72 (1865). An inclosure is not necessary; it is sufficient to show that the claimant exercised the ordinary use and took the ordinary profits that an owner and not a trespasser would take. *Id.* at 72.

The proof in this case is sufficient to show that the Bibles acquired title to the property in dispute under either the twenty-year or the seven-year rule. At least since 1976 their line has been clearly marked and the Alders have been on notice that Mr. Bible claimed the disputed land. He sued to collect damages for trees cut on the property in an action in which Mr. Alder's mother was made a party. He kept the line plainly marked; Mr. Alder's 1981 survey clearly showed the area enclosed by Mr. Bible's painted line; and Mr. Alder avoided crossing the line because he knew it would lead to a controversy with Mr. Bible. We think this is a classic example of open, continuous, exclusive, adverse, and notorious possession.

When this possession continued for more than twenty years Mr. Bible acquired a prescriptive title. His possession for more than seven years under an assurance of title also gave him title under

Tenn. Code Ann. § 28-2-101.  The abstract in the record shows that the land was granted by the state, and while the chancellor found that Mr. Bible's deed encroached on the Alder property, it is undisputed that the deed described the disputed property.

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Marion County for any further proceedings necessary.  Tax the costs on appeal to the appellant, George B. Alder, Jr.

_____
BEN H. CANTRELL, PRESIDING JUDGE., M.S.