IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 23, 2002

## STATE OF TENNESSEE v. EARL STANLEY WILLIAMS

**Appeal from the Criminal Court for Anderson County**
**No. A0CR0432      James B. Scott, Jr., Judge**

---

**No. E2001-01675-CCA-R3-CD**
**April 2, 2002**

---

The state appeals from the Anderson County Criminal Court's dismissal of its petition alleging Earl Stanley Williams to be a motor vehicle habitual offender. Because we hold that the lower court improperly dismissed the petition, we reverse the dismissal, reinstate the petition, and remand for further proceedings.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Reversed and Remanded.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOSEPH M. TIPTON, J., joined.

Timothy L. Edington, Knoxville, Tennessee, for the Appellee, Earl Stanley Williams.

Paul G. Summers, Attorney General & Reporter; Kathy D. Aslinger, Assistant Attorney General; James N. Ramsey, District Attorney General; and Jan Hicks, Assistant District Attorney General, for the Appellant, State of Tennessee.

**OPINION**

On December 12, 2000, the state filed a petition alleging that the respondent was a motor vehicle habitual offender, having been convicted of qualifying convictions on February 29, 1996, August 12, 2000, and August 28, 2000. The petition alleged that these convictions had occurred within a three-year period, when in fact, they had occurred within a five-year period. The state later recognized its error, and on March 22, 2001, it filed a pleading purporting to amend the petition to reflect that the convictions occurred within a five-year period. Williams thereafter filed a motion to dismiss in which he alleged that the amendment did not relate back to the original pleading because the first violation relied upon had occurred more than five years prior to the filing of the amendment. Thus, he argued that the statute of limitations had expired prior to the state's amendment. Thereafter, the lower court found in the respondent's favor on this issue and dismissed the petition. The state then filed this appeal.

The state argues before us that there is no statute of limitations applicable under the motor vehicle habitual offender statutes, and therefore, the lower court erred in dismissing the petition. Williams concedes that the pertinent provisions of the Motor Vehicle Code do not explicitly set forth a statute of limitations. Nonetheless, he claims, *albeit* without citation to any pertinent authority, that principles of due process and equal protection require that a statute of limitations be applied.

The state is correct that there is no codified statute of limitations for motor vehicle habitual offender actions. *See* Tenn. Code Ann. § 55-10-603(2) (1998) (amended 2000) (providing that qualifying convictions must occur within a three-, five-, or ten-year period, but not providing that the convictions must occur within the past three, five or ten years); *State v. Glenn Lucas*, No. 02C01-9801-CR-00005, slip op. at 6 n.3 (Tenn. Crim. App., Jackson, Aug. 10, 1999) (no statute of limitations applies); *State v. Roger W. Freeman*, No. 03C01-9208-CR-00268, slip op. at 3 (Tenn. Crim. App., Knoxville, June 1, 1993) (same). Rather, the state must act "forthwith" in bringing its motor vehicle habitual offender petition. Tenn. Code Ann. § 55-10-606(a) (1998); *State v. Gipson*, 940 S.W.2d 73, 75 (Tenn. Crim. App. 1996). In this case, there is no indication that the state did not proceed "forthwith" in bringing its action. To be sure, the state instituted the petition less than four months after the latter two of the three qualifying convictions were entered. *Cf. Gipson*, 940 S.W.2d at 75-76 (state not barred by laches in bringing motor vehicle habitual offender action).

Moreover, we are unpersuaded by the respondent's argument that due process and equal protection mandate application of a statute of limitations. Williams makes only a general, one-sentence argument to this effect to which he has appended no citation to authority. We are not inclined to find constitutional shortcomings absent some compelling argument why we should do so. As previously noted, the statute does require that actions be brought "forthwith," so a potential habitual offender is not jeopardized in perpetuity by the lack of a statute of limitations.

We therefore conclude that the lower court should not have applied a statute of limitations as a bar to the state's petition. We reverse the lower court's order dismissing the motor vehicle habitual offender petition, reinstate the petition, and remand to the lower court for further proceedings.

_____
JAMES CURWOOD WITT, JR., JUDGE