IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
June 26, 2012 Session

## STATE OF TENNESSEE v. GREGORY SCOTT PARTON, ALIAS GREGORY SCOTT PARTIN, ALIAS

**Appeal from the Criminal Court for Knox County**
**No. 97166     Bob R. McGee, Judge**

---

**No. E2011-02729-CCA-R3-CD - Filed January 23, 2013**

---

The Defendant, Gregory Scott Parton, alias, Gregory Scott Partin, alias, appeals from the trial court's order declaring him to be an Motor Vehicle Habitual Offender (MVHO). On appeal, the Defendant claims that the trial court erred in denying his motion to dismiss the State's petition to have him declared an habitual offender on the grounds that the State did not move "forthwith" in filing the petition as required by statute and that the court erred in using his most recent driving under the influence (DUI) conviction as a basis for its decision. Following our review, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Mark E. Stephens, District Public Defender; and David D. Skidmore and James R. Owen, Assistant Public Defenders, for the appellant, Gregory Scott Parton, alias, Gregory Scott Partin, alias.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Sarah W. Keith, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION
FACTUAL BACKGROUND

The underlying facts are not in dispute. On May 6, 2011, the Knox County District Attorney General petitioned the court to have the Defendant declared an MVHO, the Defendant having been convicted of DUI on July 10, 2003 (Claiborne County), June 29,

2005 (Knox County), and May 31, 2006 (Knox County). The Defendant thereafter filed a motion to dismiss the petition.

In the motion to dismiss, the Defendant provided the following additional facts. On the same day as the petition to declare him an habitual offender was filed, the Defendant pled guilty to DUI, fifth offense, in Knox County. He received a sentence of two years to be suspended after service of 150 days, with a $3,000 fine and a five-year revocation of his driver's license. He then noted that the most recent conviction listed in the petition was approximately five years old and that Tennessee Code Annotated section 55-10-606 required the district attorney general to file the petition "forthwith." The Defendant alleged that he had "been biased . . . because, if [the petition] had been timely filed, he would have, long ago, been eligible for getting the habitual offender status lifted" and that "[h]e could have made a motion to re-establish his driving privileges after three years."[1] He continued that his May 6, 2011 plea revoked his driver's license for five years, "so the State would not be biased at all by the dismissing of this petition."

A hearing was held on the motion to dismiss, during which the trial court heard arguments from both sides and took the matter under advisement. On July 29, 2011, the trial court filed an order denying the Defendant's motion to dismiss. The trial court entered an order declaring the Defendant an MVHO on September 15, 2011. In denying the Defendant's motion to dismiss the MVHO petition, the trial court reasoned as follows:

> The attorney argues the word "forthwith" is intended to benefit the public and does not confer on the Defendant any right to be served at his convenience.
>
> There may be a case in which a defendant accumulates the requisite number of DUI convictions to support an [MVHO] petition then remains compliant with the law for many years until, for no apparent reason, the [district] attorney general belatedly filed the petition. In such a case, a defendant might reasonably argue that the [district] attorney general's conduct is sufficiently arbitrary and capricious as to deny a defendant his/her due process rights. That however is not the case. This defendant has been convicted of DUI again this year. By doing so the Defendant has forfeited any right he might have had to complain about the timing of the petition. By his conduct he has renewed the [district] attorney general's duty to provide

---

[1] The State stipulated at the motion to dismiss hearing that the Defendant pled guilty to his fourth offense DUI on May 31, 2006, and that his license would have been revoked until at least May 2011, regardless of his MVHO status.

maximum safety to the public, deny the privilege of operating a motor vehicle on the streets of Tennessee, and discourage repetition of unlawful acts.

This timely appeal followed.

ANALYSIS

The Defendant argues that the filing of the MVHO petition was barred by the district attorney general's delay in bringing the petition. The Defendant cites to Tennessee Code Annotated section 55-10-606 which requires the district attorney general to file the petition "forthwith" and submits that "forthwith," as defined in Black's Law Dictionary, 6th edition, means "immediately; without delay; directly; within a reasonable time under the circumstances of the case; promptly and with reasonable dispatch." According to the Defendant, because the last conviction delineated in the petition was five years old, the district attorney general has not complied with the "forthwith" requirement. The Defendant acknowledges that there is no statute of limitations in the MVHO Act but notes case law stating that the Act required petitions to be filed "'forthwith,' so a potential habitual vehicle offender is not jeopardized in perpetuity by the lack of a statute of limitations." The Defendant further provides that "it is important to remember that the last of the qualifying convictions on the petition was prosecuted in Knox County and was prosecuted as a fourth offense DUI, meaning that [State] had full knowledge of his driving history over five years ago." The Defendant restates his claim of "bias," i.e., that if the petition had been timely filed, then after three years had passed, he could have petitioned the court to have the habitual offender status lifted. Finally, the Defendant argues that the trial court erred when it used his most recent DUI conviction as a basis to declare him an MVHO.

The State responds that there is no statute of limitations under the MVHO Act, and the Defendant "failed to show that the prosecutor did not act promptly upon learning of the Defendant's driving record." Furthermore, the State submits that "the judgment declaring the Defendant to be a[n] habitual motor vehicle offender lists three qualifying convictions and does not refer to the more recent conviction alleged by the Defendant."

As relevant here, the MVHO Act sets forth that a person who is convicted of three or more of certain enumerated offenses is an habitual offender. Tenn. Code Ann. § 55-10-603(2). DUI is such an offense. Tenn. Code Ann. § 55-10-603(2)(A)(viii). When the records of the Department of Safety show that an individual has accumulated the requisite convictions to be an habitual offender, the Commissioner of Safety is directed to furnish that record to the district attorney general for the judicial district wherein the individual resides or may be found. Tenn. Code Ann. § 55-10-605(b).

Upon receipt of the record of such an individual from the Commissioner of Safety, it is the duty of the district attorney general to "forthwith" file a petition against the individual to have the individual declared an habitual offender. Tenn. Code Ann. § 55-10-606(a). The law also authorizes the district attorney general to file such a petition if the district attorney general receives "appropriate information" from any source other than the Commissioner of Safety. Tenn. Code Ann. § 55-10-606(b). This court has held that the term "forthwith" as found in the Act should apply equally to the prosecutor's duty to act whether upon receipt of the information from the Department of Safety or from any other source. See State v. Roger W. Freeman, No. 03-C-01-9208-CR-00268, 1993 WL 186054, at *1 (Tenn. Crim. App. June 1, 1993). Moreover, it is the "receipt of the necessary information regardless of the source [that] triggers the prosecutor's duty under the statute to proceed with due diligence to file a petition." Id. The Defendant correctly notes that Black's Law Dictionary defines "forthwith" as "immediately; without delay; directly; within a reasonable time under the circumstances of the case; promptly and with reasonable dispatch." Black's Law Dictionary 654 (6th ed. 1990).

MVHO proceedings are civil rather than criminal in nature. See Everhart v. State, 563 S.W.2d 795, 797 (Tenn. Crim. App. 1978). As such, a defendant has neither a statutory nor constitutional right to a speedy trial. See State v. Terry Lynn Byington, No. E2007-01129-CCA-R3-CD, 2008 WL 2095350, at *2 (Tenn. Crim. App. May 19, 2008); Freeman, 1993 WL 186054, at *1. Additionally, the State is correct that there is no codified statute of limitations for motor vehicle habitual offender actions. See State v. Earl Stanley Willams, No. E2001-01675-CCA-R3-CD, 2002 WL 489124, at *1 (Tenn. Crim. App. Apr. 2, 2002); Freeman, 1993 WL 186054, at *1.

Our legislature's intent in requiring the district attorney general to file "forthwith" was in order to protect the public from habitual offenders, not to protect the MVHO. See Gipson, 940 S.W.2d at 75. The MVHO Act declares it to be the policy of the State of Tennessee to:

(1) Provide maximum safety for all persons who travel or otherwise use the public highways of the state;

(2) Deny the privilege of operating motor vehicles on such highways to persons who by their conduct and record have demonstrated their indifference to the safety and welfare of others and their disrespect for the laws of the state; and

(3) Discourage repetition of unlawful acts by individuals against the peace and dignity of this state and its political subdivisions, and to impose the added deprivation of the privilege of operating motor vehicles upon habitual

-4-

offenders who have been convicted repeatedly of violations of laws involving the operation of motor vehicles.

Tenn. Code Ann. § 55-10-602.

The Defendant here, similarly to the defendants in Gipson and Freeman, argues that because the triggering conviction of DUI was a fourth offense, occurring in Knox County, the Knox County District Attorney General had prior knowledge of the Defendant's driving record and should have proceeded "forthwith" with the filing of the petition. In both Gipson and Freeman, this court was unable to determine from the record when the district attorney general learned that the defendants in those cases qualified as an MVHO. Gipson, 940 S.W.2d at 75; Freeman, 1193 WL 186054, at *1-2. Such is not the case herein.

At the motion to dismiss hearing, the assistant district attorney provided the following information on when the Office of the Knox County District Attorney General became aware that the Defendant's record qualified him as an habitual offender:

> There's no showing that the State received a record prior to this in the way of filing. What basically happened here is we got the new charge in April of this year, saw his record, and decided at that point that he qualified and filed a petition within about a month, it was just over a month when he was served the petition from when he picked up the new charge.

In addition to this statement, the assistant district attorney general stipulated that on May 31, 2006, the Defendant pled guilty to DUI, fourth offense, in Knox County. It was then that the Office of Knox County District Attorney General learned that the Defendant qualified as an MVHO and was statutorily required to "forthwith" file a petition so alleging. However, we conclude that the failure of the Knox County District Attorney General to "forthwith" file the petition does not, under the facts of this case, entitle the Defendant to relief.

The equitable defense of laches is also intimated here.[2] See State v. Gipson, 940 S.W.2d 73, 75 (Tenn. Crim. App. 1996); Freeman, 1993 WL 186054, at *1. To establish the defense of laches, a Defendant must prove (1) an inexcusably long delay in bringing the suit and (2) prejudice to the Defendant as a result of the delay. Jansen v. Clayton, 816 S.W.2d 49, 51 (Tenn. Ct. App. 1991). The application of the doctrine of laches lies within the trial

---

[2] Applying Civil Rule of Procedure 8.03, "Affirmative Defenses," courts endeavor to give effect to the substance, rather than form and terminology, of pleadings. Tenn. R. Civ. Pro. 8.03; Usrey v. Lewis, 553 S.W.2d 612, 614 (Tenn. Ct. App. 1977).

court's discretion and will not be reversed absent an abuse of discretion. <u>Gipson</u>, 940 S.W.2d at 76. "[T]he doctrine of laches is not generally imputed to a governmental agency by the action of an office holder." <u>Gipson</u>, 940 S.W.2d at 75 (citing <u>State ex rel. Crist v. Bomar</u>, 365 S.W.2d 295, 297 (1963)). "[L]aches is not imputable to the government and . . . such a maxim is based upon public policy and that the State through the negligence of its public officers forbids the application of the doctrine of estoppel to the State growing out of conduct and representation of its officers." <u>Bomar</u>, 365 S.W.2d at 297-98. Hence, the doctrine of laches does not provide the Defendant with relief.

The trial court's decision to allow the MVHO petition against the Defendant to continue was consistent with the policies and provisions of the Act. Accordingly, the trial court did not abuse its discretion. The Defendant is not entitled to relief as to this issue.

<u>CONCLUSION</u>

After reviewing the record before this court, we conclude that the trial court did not err in failing to dismiss the State's petition to declare the Defendant an MVHO. Accordingly, we affirm the judgment of the trial court.

_____
D. KELLY THOMAS, JR., JUDGE